UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE WHALEN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ALBERTSONS COMPANIES INC., et al.,<br><br>    Defendants. | Case No. 23-cv-00459-VC<br><br>**ORDER GRANTING MOTIONS TO DISMISS AND DENYING MOTION FOR A PRELIMINARY INJUNCTION**<br><br>Re: Dkt. Nos. 28, 40, 42, 48 |

    The complaint is dismissed without prejudice for lack of Article III standing. The plaintiffs—25 individuals scattered throughout the United States—allege that a proposed merger between Albertsons and Kroger will harm competition among grocery stores throughout the country. But they have made no effort to explain how the merger would affect any one of them personally, in the area where they live and shop for groceries. *See Summers v. Earth Island Institute*, 555 U.S. 488, 495–500 (2009). Indeed, in their opposition to the motions to dismiss, the plaintiffs do not even attempt to explain how they might have Article III standing. They simply intone that the federal antitrust statutes give them the right to sue, which of course is beside the point for purposes of constitutional standing. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016).

    The plaintiffs also lack standing to challenge the dividend payment. They allege that the dividend payment will financially weaken Albertsons, resulting in higher prices, worse services, and the possibility that Albertsons will make a "failing firm" defense to support the merger. But the plaintiffs offer no credible allegations to ground these predictions. *See City of Oakland v. Oakland Raiders*, 20 F.4th 441, 452 (9th Cir. 2021). They say nothing about Albertsons's

financial strength before the dividend or how Albertsons has fared after. *See District of Columbia v. Kroger Co.*, 2022 WL 18911128, at *2 (D.D.C. Dec. 13, 2022). Because they have failed to plausibly allege that they face a substantial risk of harm, the plaintiffs lack Article III standing. *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014).

       Even if the plaintiffs had adequately alleged standing, the lawsuit would be dismissed or stayed on the ground that it is not ripe. The contours of the merger have not yet become clear enough to adequately assess the effects it will have on competition—whether that assessment needs to be done nationally or on a market-by-market basis. The merger contemplates that as many as 650 stores, yet to be specified, will be divested before the merger is consummated. Dkt. No. 1 ¶ 20; *see also* Dkt. No. 42-6 at 13. Presumably divestiture will be designed to address potential antitrust concerns and therefore could have a significant effect on the analysis. Relatedly, the Federal Trade Commission is currently in the process of reviewing the merger, and the companies may agree to changes as a condition of the Commission's approval. *See, e.g.*, 15 U.S.C. § 18a. And for these reasons, as the defendants have stipulated, the earliest the proposed merger could be consummated is January 2024. Under these circumstances, it would be premature to adjudicate the antitrust claims, even if the plaintiffs had adequately alleged standing, and even if the complaint had adequately alleged antitrust violations. *See South Austin Coalition Community Council v. SBC Communications Inc.*, 191 F.3d 842, 844–45 (7th Cir. 1999); *cf. Trump v. New York*, 141 S. Ct. 530, 535–36 (2020) (per curiam). *But see Demartini v. Microsoft Corporation*, 2023 WL 2588173, at *2 (N.D. Cal. Mar. 20, 2023).

       Because the plaintiffs have failed to allege standing, the motion for a preliminary injunction is denied. As discussed at the hearing, there are many deficiencies in the plaintiffs' presentation in support of a preliminary injunction. Although the proposed merger may be concerning from an antitrust perspective, the plaintiffs have not come close to providing the information necessary to determine whether concern is truly warranted. For now, the failure to allege standing is reason enough to deny the motion.

       Dismissal of the claims against all defendants is with leave to amend. It's difficult to see

how the plaintiffs could ever state a claim for disgorgement of the dividend payment, but in an abundance of caution dismissal of that claim is with leave to amend as well. Any amended complaint is due by October 2, 2023. If the plaintiffs believe an extension is warranted because more time is needed for the proposed merger to take shape, they may request one. Assuming an amended complaint is filed on or before October 2, a Zoom status conference will take place on October 16, 2023, at 10:00 a.m. The parties must file a joint status report by October 9, but they need not adhere to the format required by the local rules; they may simply update the Court on the status of the merger and propose a schedule for adjudication of any preliminary injunction motion contemplated by the plaintiffs.

**IT IS SO ORDERED.**

Dated: August 2, 2023

_____
VINCE CHHABRIA
United States District Judge