DANIEL B. ASIMOW (SBN 165661)
Daniel.Asimow@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3100
Fax: (415) 471-3400

SONIA K. PFAFFENROTH (SBN 223984)
MATTHEW WOLF (*pro hac vice*)
MICHAEL BERNSTEIN (*pro hac vice*)
KOLYA D. GLICK (*pro hac vice*)
Sonia.Pfaffenroth@arnoldporter.com
Matthew.Wolf@arnoldporter.com
Michael.Bernstein@arnoldporter.com
Kolya.Glick@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave., N.W.
Washington, DC 20001
Telephone: (202) 942-5000
Fax: (202) 942-5999

Attorneys for Defendant THE KROGER CO.

JOHN (JAY) NEUKOM (SBN 275887)
jneukom@debevoise.com
**DEBEVOISE & PLIMPTON LLP**
650 California Street
San Francisco, CA 94108
Telephone: (415) 738-5700

EDWARD D. HASSI (*pro hac vice*)
LEAH S. MARTIN (*pro hac vice*)
thassi@debevoise.com
lmartin@debevoise.com
**DEBEVOISE & PLIMPTON LLP**
801 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 383-8000

SHANNON R. SELDEN (*pro hac vice*)
J. ROBERT ABRAHAM (*pro hac vice*)
srselden@debevoise.com
jrabraham@debevoise.com
**DEBEVOISE & PLIMPTON LLP**
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000

Attorneys for Defendant ALBERTSONS COMPANIES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE WHALEN, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>THE KROGER CO., ALBERTSONS COMPANIES, INC., and CERBERUS CAPITAL MANAGEMENT, L.P.,<br><br>　　　　　Defendants. | Case No. 3:23-cv-00459-vc<br><br>**REPLY IN SUPPORT OF DEFENDANTS THE KROGER CO.'S AND ALBERTSONS COMPANIES, INC.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Date:　　　December 7, 2023<br>Time:　　　10:00 a.m.<br>Judge:　　　Hon. Vince Chhabria<br>Courtroom: Courtroom 4 – 17th Floor |

- i -

**TABLE OF CONTENTS**

ARGUMENT ..................................................................................................................3

    I.    PLAINTIFFS FAIL TO ALLEGE STANDING ...................................3

    II.    PLAINTIFFS FAIL TO ALLEGE A CLAYTON ACT CLAIM...........6

    III.    PLAINTIFFS' CLAIM IS NOT RIPE......................................................9

    IV.    PLAINTIFFS' CLAIM SHOULD BE DISMISSED WITH PREJUDICE ........................................................................................10

CONCLUSION............................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)....................................................................................................4

*Brown Shoe v. United States*,
370 U.S. 294 (1962)....................................................................................................7

*Clapper v. Amnesty Int'l USA*,
568 U.S. 398 (2013)....................................................................................................4

*DeHoog v. Anheuser-Busch InBev SA/NV*,
899 F.3d 758 (9th Cir. 2018) .......................................................................................9

*Demartini v. Microsoft Corp.*,
2023 WL 2588173 (N.D. Cal. Mar. 20, 2023)........................................................1, 6

*FTC v. Qualcomm Inc.*,
969 F.3d 974 (9th Cir. 2020) .......................................................................................2

*FTC v. RAG-Stiftung*,
436 F.Supp.3d 278 (D.D.C. 2020)..............................................................................9

*Hosp. Corp. of Am. v. FTC*,
807 F.2d 1381 (7th Cir. 1986) ................................................................................8, 10

*Intel Corp. v. Fortress Inv. Grp. LLC*,
511 F. Supp. 3d 1006 (N.D. Cal. 2021)......................................................................5

*Malaney v. UAL Corp.*,
2010 WL 3790296 (N.D. Cal. Sept. 27, 2010) .......................................................8, 9

*Netafim Irrigation, Inc. v. Jain Irrigation, Inc.*,
562 F. Supp. 3d 1073 (E.D. Cal. 2021)........................................................................7

*Ohio v. Am. Express Co.*,
138 S. Ct. 2274 (2018)..................................................................................................2

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016)...............................................................................................3, 4, 5

*Taleff v. Sw. Airlines Co.*,
828 F. Supp. 2d 1118 (N.D. Cal. 2011) ......................................................................5

*Tanaka v. Univ. of S. Cal.*,
  252 F.3d 1059 (9th Cir. 2001) ...................................................................................................7

*TransUnion LLC v. Ramirez*,
  141 S. Ct. 2190 (2021)..............................................................................................................3

*United States v. Borden Co.*,
  347 U.S. 514 (1954)...............................................................................................................3, 6

*United States v. E. I. du Pont de Nemours & Co.*,
  353 U.S. 586 (1957)...................................................................................................................6

*United States v. Falstaff Brewing Corp.*,
  383 F. Supp. 1020 (D.R.I. 1974)...............................................................................................9

*United States v. Falstaff Brewing Corp.*,
  410 U.S. 526 (1973)...................................................................................................................9

*United States v. Von's Grocery Co.*,
  384 U.S. 270 (1966)...............................................................................................................7, 8

# INTRODUCTION

Plaintiffs' Opposition ("Opp.") (ECF No. 109) to Kroger's and Albertsons' Motion to Dismiss the First Amended Complaint ("Mot.") (ECF No. 96) fails to demonstrate how Plaintiffs have stated an antitrust claim. This Court dismissed Plaintiffs' original Complaint because Plaintiffs had "not even attempt[ed] to explain how they might have Article III standing" and made "no effort to explain how the merger would affect any one of them personally, in the area where they live and shop for groceries." Order Granting Mots. to Dismiss and Denying Mot. for Prelim. Inj. at 1 (ECF No. 91) ("MTD Order"). In the Opposition, Plaintiffs barely acknowledge the MTD Order, much less identify new factual allegations in the First Amended Complaint ("FAC") that could possibly lead this Court to a different result. Similarly, the Opposition barely references Kroger and Albertsons' Motion, notably failing to address its citations to: (1) controlling Supreme Court precedent on Article III standing, Mot. 8; (2) binding Ninth Circuit precedent on the requirements for a *prima facie* case under the Clayton Act, Mot. 10-11; or (3) the recent case from this District explaining that Plaintiffs' theory of Clayton Act injury based on the mere "elimination of a significant rival," Opp. 8, "ignores binding Ninth Circuit precedent," Mot. 1 (quoting *Demartini v. Microsoft Corp.*, 2023 WL 2588173, at *6 (N.D. Cal. Mar. 20, 2023)). In short, Plaintiffs do not offer new facts supporting their claim or address the caselaw undermining it. This Court should grant Kroger and Albertsons' Motion.

**Standing**. Notwithstanding the Court's MTD Order, Plaintiffs offer a single conclusory paragraph seeking to satisfy their burden of alleging Article III standing. Opp. 5. Plaintiffs' purported injury continues to rest solely on the allegation that "many of" Plaintiffs "have made purchases at the Defendants' stores within the last four years." Opp. 2. Plaintiffs do not even attempt to meet Article III's "particularity" requirement: they make no effort to show how the merger would personally harm even one specific Plaintiff in the area where they live. *See* MTD Order at 1. Instead, Plaintiffs double down on their limitless theory of standing, which would

transform every supermarket customer in the country (and every antitrust plaintiff's lawyer) into an antitrust enforcer with the power to halt a merger in its tracks. *See* Mot. 9.[1]

**Failure to state a claim**. Plaintiffs falter at the threshold step of a Clayton Act analysis: accurately defining a relevant market. Their claimed product market is belied by the same sources they cite in support of their claims, and they continue to insist on a nationwide geographic market that ignores the realities of consumer behavior. Indeed, as Plaintiffs acknowledge, "[s]upermarkets compete *locally* for consumers," FAC ¶ 75, meaning the potential competitive effects of the merger must be analyzed at a *local* level. Yet Plaintiffs refuse to even *name* any local market, much less plead facts to support any such market. Plaintiffs' failure to plead a plausible geographic market is dispositive. *See FTC v. Qualcomm Inc.*, 969 F.3d 974, 992 (9th Cir. 2020); *Ohio v. Am. Express Co.*, 138 S. Ct. 2274, 2285 (2018).

Even if Plaintiffs had plausibly pled a relevant market, they fail to demonstrate that the merger is likely to substantially reduce competition in any such market. Plaintiffs make conclusory assertions that grocery prices will increase and grocery choice and quality will decrease post-merger, among a litany of other speculative harms, Opp. 2, 4, 13, but they offer no facts to support those assertions. Plaintiffs say nothing about the existing choice of grocery stores that any individual Plaintiff might realistically choose between or how the merger would affect their choices, if at all. Nor do Plaintiffs even attempt to consider how Kroger's and Albertsons' proposed divestiture would affect the grocery choices available in their local areas. Indeed, the only new "facts" alleged in the FAC are unsubstantiated market concentration statistics that do not align with Plaintiffs' alleged relevant market. *See* Opp. 9; FAC ¶¶ 5, 94-107. Plaintiffs' failure to allege facts indicating that the merger is likely to harm competition in any market is also dispositive.

**Ripeness**. Despite this Court's prior orders and admonitions, *see* MTD Order at 2, and despite Defendants providing Plaintiffs with information about the stores Kroger and Albertsons propose divesting in the cities where Plaintiffs live, Status Conf. Hr'g Tr. at 9-10 (Oct. 27, 2023),

---

[1] While Plaintiffs expansively seek to vindicate the rights of "all customers of Albertson[s] and Kroger," Opp. 3, they do not seek to certify a class.

Plaintiffs do not offer any new factual allegations seeking to show ripeness, Mot. 14-15. Nor do they offer any new legal authority to support their ripeness arguments, instead relying on the same cases that this Court already considered and rejected. *Compare, e.g.*, Opp. 14 (citing *United States v. Borden Co.*, 347 U.S. 514, 519 (1954)), *with* MTD Hr'g Tr. at 19-20 ("THE COURT: … I invite you to identify a Supreme Court case that stands for the proposition that a case like this is ripe for adjudication, because the *Borden* case does not come anywhere close to saying that."). Presented with the same facts and the same law, this Court should reach the same outcome: dismissal.

**Dismissal with prejudice**. Even after this Court's criticisms of their "exceedingly weak" presentation in support of their Complaint and request for injunctive relief, MTD Hr'g Tr. at 17, Plaintiffs continue to advance a debunked "per se" Clayton Act theory, refusing to engage with binding precedent or to "do the work . . . to adequately allege an antitrust violation," *id.* at 29. Accordingly, the Court should dismiss Plaintiffs' claim with prejudice.

## ARGUMENT

### I.   PLAINTIFFS FAIL TO ALLEGE STANDING

The Opposition's lone paragraph addressing Article III standing, Opp. 5, offers no factual analysis, and it fails to cite—much less distinguish—the Supreme Court precedent that this Court relied upon in dismissing the original Complaint. *See* MTD Order at 1. Like the first Complaint, the FAC therefore fails to allege facts establishing Plaintiffs' Article III standing. Mot. 8-9.

Plaintiffs continue to wrongly conflate the availability of a private cause of action under the Clayton Act with Plaintiffs' burden of establishing Article III standing. FAC ¶¶ 109-113; Opp. 5. Even if they theoretically could bring a claim under the Clayton Act, Plaintiffs must first plead an injury in fact to establish Article III standing. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016); Mot. 8. Yet Plaintiffs refuse to confront the reality that "an injury in law is not an injury in fact," *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021), meaning a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right," *Spokeo*, 578 U.S. at 341. In the present case, while the Clayton Act allows private suits to prevent future harm,

that harm still must be "concrete," "actual or imminent," and "particularized" to Plaintiffs to meet constitutional requirements. *Spokeo*, 578 U.S. at 339.

The Opposition confirms that Plaintiffs have not properly alleged a constitutional injury in fact. *See* Mot. 8-10. Plaintiffs offer the conclusory allegation that, because they "shop for groceries in areas that may be drastically impacted, Plaintiffs [sic] plainly threatened with potential harm." Opp. 6. But the FAC does not substantiate that "formulaic recitation" of harm. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007). Rather, the FAC's only *factual* allegations relevant to Plaintiffs' claimed injury are: Plaintiffs' cities of residence, FAC ¶ 43; the allegation that "many of [the Plaintiffs] have made purchases at the Defendants' stores within the last four years," Opp. 2 (citing FAC ¶ 43); and the identification of the 11 Plaintiffs that shop at a Kroger and/or Albertsons store in their undefined "local geographic areas," FAC ¶ 44. This Court already held that barebones allegations such as these are insufficient to confer standing. MTD Order at 1.

The FAC adds no factual allegations demonstrating that Plaintiffs are likely to suffer concrete, actual or imminent, particularized harm. Of the 24 named Plaintiffs, only three are alleged to shop at *both* a Kroger store and an Albertsons store, FAC ¶ 44, suggesting that the other 21 Plaintiffs do not consider Kroger and Albertsons to be grocery alternatives in their local area. Indeed, the lead Plaintiff, Ms. Whalen, does not even live in a city where Kroger or Albertsons have *any* stores. Even assuming *arguendo* that Kroger and Albertsons were both options for each Plaintiff, Plaintiffs do not attempt to explain what other grocery options exist in their local market, and not a single Plaintiff alleges that they live in an area in which their competitive options for grocery shopping will *actually* or *likely* change after the merger, such that their injury is "certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 401 (2013). Nor can Plaintiffs plausibly do so without analyzing the *actual* and *likely* effects of the proposed divestiture on the post-merger competitive landscape, *see* MTD Order at 2, a factor that Plaintiffs refuse to consider, Opp. 14-15. Put simply, satisfying the burden of establishing standing requires *factual* allegations, and Plaintiffs have not provided any.

Rather than offering facts, Plaintiffs repeat their conclusory allegations that the combined firm's alleged market power "*may* be used to increase the price the Plaintiffs pay for groceries," Opp. 2 (emphasis added), and that the merger's "*potential* anticompetitive harm *may* be felt both nationally and in local markets," Opp. 6 (emphasis added). Yet Plaintiffs never explain how their vague allegations of *possible* harm in implausible or undefined markets can satisfy the constitutional requirement that Plaintiffs allege an injury that is both "concrete and particularized" to Plaintiffs and "actual or imminent, not conjectural or hypothetical." *Spokeo*, 578 U.S. at 339.

The only actual and imminent harm that the FAC could possibly be understood to allege is the generalized notion that certain Plaintiffs may have "less choice" post-merger. Opp. 2. Again, this allegation fails to account for the robust proposed divestiture plan. But even ignoring the divestiture plan, simply stating that Plaintiffs may have one less choice among a multitude of grocery options is not sufficient to show *particularized* harm. Mot. 9. In fact, Plaintiffs' theory of injury would empower any individual that shops at any Kroger or Albertsons store anywhere in the country to individually (and separately) sue to enjoin the merger without demonstrating that they are likely to suffer harm and without analyzing the competitive dynamics in their local market. *See* Opp. 3 (asserting that the merger "threatens all consumers, all customers of Albertson[s] and Kroger"). Such generalized allegations fall well short of alleging a particularized injury to the named Plaintiffs in this case. *See Intel Corp. v. Fortress Inv. Grp. LLC*, 511 F. Supp. 3d 1006, 1021 (N.D. Cal. 2021) (dismissing complaint with prejudice based on failure to show alleged threat of patent infringement suit was particularized to those specific plaintiffs); *see also Taleff v. Sw. Airlines Co.*, 828 F. Supp. 2d 1118, 1123–24 (N.D. Cal. 2011) (rejecting request for injunctive relief based on plaintiffs' "blanket contention that 'the public interest is always served by the competition of two significant rivals'"), *aff'd*, 554 F. App'x 598 (9th Cir. 2014).

Plaintiffs' repeated citation to antitrust cases brought by the U.S. Department of Justice and Federal Trade Commission ("FTC"), *see, e.g.*, Opp. 4, 8, 10, 12, ignores the fact that Article III standing requirements do not apply equally to private plaintiffs and government antitrust enforcers. As Defendants' have explained, "actual or threatened harm to a person with standing is

an essential element of the private plaintiff's equity case, but not of the government's." Mot. 10 (quoting Herbert Hovenkamp & Phillip Areeda, *Antitrust Law* ¶ 303e3 (4th ed. 2019)). The government enforces antitrust law "on behalf of the general public" and must establish only that an antitrust violation has occurred, while the private plaintiff may enforce antitrust laws "only when his personal interest will be served." *United States v. Borden Co.*, 347 U.S. 514, 518 (1954). Plaintiffs represent only themselves, so their repeated citation to cases brought by the federal government are inapt. *See also infra* at 1-2.

Finally, as in their initial motion-to-dismiss briefing, Plaintiffs do not purport to be (or represent) Kroger or Albertsons employees or suppliers. Opp. 9. Plaintiffs have no standing to allege harm to groups they are not a part of or in markets that do not directly affect them. *See Microsoft*, 2023 WL 2588173, at *6.

## II.   PLAINTIFFS FAIL TO ALLEGE A CLAYTON ACT CLAIM

Plaintiffs do not contest that the FAC must be dismissed if they fail to properly allege a relevant geographic market or a relevant product market. Mot. 11-12. Plaintiffs' arguments to support their alleged geographic market, however, are riddled with inconsistencies, and their alleged product market ignores their own cited sources.[2] Moreover, even if Plaintiffs had pled a plausible local geographic market, they fail to allege anticompetitive effects in any such market.

### A.   Plaintiffs Fail to Allege a Plausible Relevant Geographic Market

As Plaintiffs' own authority confirms, the "[d]etermination of the relevant market is a necessary predicate to a finding of a violation of the Clayton Act." *United States v. E. I. du Pont de Nemours & Co.*, 353 U.S. 586, 593 (1957). Yet Plaintiffs' insistence on a national market, *see, e.g.*, Opp. 1, 9, ignores the fundamental antitrust principle that relevant geographic markets are

---

[2] Plaintiffs assert a "product market composed of the retail sale of food and other grocery products in supermarkets," Opp. 7, but they do not address the plethora of other online and in-person grocery options available to the modern consumer, Mot. 11 n.4. Indeed, in seeking to artificially limit the relevant product market to supermarkets that fit Kroger and Albertsons' precise descriptions, Opp. 8, Plaintiffs ignore their own cited sources, which identify the top three "grocery chains in the U.S." as Walmart, Amazon, and Costco. *See* ECF No. 28-5. Plaintiffs only responsive argument—that "the media *always* describes Kroger and Albertson as number 1 and number 2 supermarkets, not Walmart or Target," Opp. 8 (emphasis added)—is simply false, *see* Mot. 7.

defined based on the "area of effective competition" to which consumers can "turn for alternate sources of supply" in response to small price changes. *Tanaka v. Univ. of S. Cal.*, 252 F.3d 1059, 1063 (9th Cir. 2001) (citation omitted). Plaintiffs do not—and cannot—defend the implausible suggestion that "consumers might fly from San Francisco to Miami for their weekly grocery shopping." Mot. 11. Plaintiffs simply fail to square their alleged national market with the reality that different competitors compete in different parts of the country. *See Tanaka*, 252 F.3d at 1063.

Plaintiffs fundamentally undermine their own proposed "national market" by acknowledging that "[s]upermarkets compete locally for customers as consumers typically do their grocery shopping at stores located close to where they live or work." FAC ¶ 75. Plaintiffs also refuse to address recent supermarket merger cases in which the relevant geographic markets were defined based on local areas, including within specific cities. Mot. 12 (citing cases). Indeed, as Plaintiffs' own cases demonstrate, a nationwide market is wholly inapt for the kind of admittedly "local" competition for consumers that Plaintiffs allege in this case. *See Brown Shoe v. United States*, 370 U.S. 294, 336-37 (1962); *cf. United States v. Von's Grocery Co.*, 384 U.S. 270, 271 (1966) (assessing competition for supermarkets "in the Los Angeles area" in the 1960s). Plaintiffs' failure to define a geographic market that "correspond[s] to the commercial realities of the industry" is fatal to their claim. *Brown Shoe*, 370 U.S. at 336-37 (quotation marks omitted).

Plaintiffs' conclusory assertion that they have alleged "local" geographic markets, Opp. 8, is belied by their refusal to even *name* such a market. The closest Plaintiffs come to doing so is by listing certain metropolitan statistical areas ("MSAs") in which a handful of Plaintiffs reside. Opp. 2 (citing FAC ¶¶ 104-107). But Plaintiffs do not allege that these MSAs are relevant markets. And even if they had alleged MSA-level markets, those markets would be facially overbroad; they would require the implausible inference that Plaintiffs would traverse, *e.g.*, the entire Seattle MSA to buy groceries. *See Tanaka*, 252 F.3d at 1063. In short, even when Plaintiffs reference some smaller geographic areas, they fail to identify the "limiting principles," required to plead that such "local" market exists. *See Netafim Irrigation, Inc. v. Jain Irrigation, Inc.*, 562 F. Supp. 3d 1073, 1084-85 (E.D. Cal. 2021) (collecting cases).

### B. Plaintiffs Fail to Allege Anticompetitive Effects in Any Relevant Market

Even if Plaintiffs had alleged a plausible relevant market, the Opposition confirms that Plaintiffs have failed to allege likely anticompetitive effects in any such market.

*First*, Plaintiffs ignore the voluminous precedent rejecting materially identical arguments that the elimination of a rival is a "per se" violation of the Clayton Act. Mot. 13-14 (collecting cases). Even the Seventh Circuit decision that Plaintiffs repeatedly cite, *see, e.g.*, Opp. 13-14, "cast[s] doubt on the continued vitality" of cases like *Von's*, explaining that "the Supreme Court, echoed by the lower courts, has said repeatedly that the economic concept of competition, rather than any desire to preserve rivals as such, is the lodestar that shall guide the contemporary application of the antitrust laws, not excluding the Clayton Act." *Hosp. Corp. of Am. v. FTC*, 807 F.2d 1381, 1386 (7th Cir. 1986). "Simply put, there is no support for the notion that, merely by removing one competitor, any horizontal merger in [an] industry will be anticompetitive and thereby violate Section 7." *Malaney v. UAL Corp.*, 2010 WL 3790296, at *7 n.11 (N.D. Cal. Sept. 27, 2010), *aff'd*, 434 F. App'x 620 (9th Cir. 2011).

*Second*, Plaintiffs' citation to the maps of Albertsons' and Kroger's stores across the United States, Opp. 1, says nothing about the likely competitive effects of the proposed merger. As this Court recognized, the maps do not identify other competitors in any region, much less any local market. MTD Hr'g Tr. at 43. And, as discussed *infra* at 10, the maps do not account for the stores Kroger and Albertsons will ultimately divest prior to the completion of the merger. A mere depiction of the pre-merger geographic overlap between Kroger and Albertsons' stores does not demonstrate market concentration or say anything about the merger's competitive effects in any geographic area that could possibly be construed as a relevant market.

*Third*, Plaintiffs underscore their failure to allege anticompetitive effects in any market by repeatedly citing "national market share" statistics, which are the only new "facts" in the FAC supporting their harm allegations. *See* Opp. 11; *see also* Opp. 1 (relying on alleged statistics from the "national supermarket market"). Indeed, despite Defendants' arguments, Mot. 2, Plaintiffs refuse to provide any factual support to validate or explain their conclusory assertions that the

Herfindahl-Hirschman Index ("HHI")[3] exceeds certain thresholds nationally *or* in various MSAs, Opp. 10. Any HHI calculation is only as good as the data it relies upon, Mot. 13 n.6, and Plaintiffs have provided nothing to support their HHI allegations, Opp. 14-15. Plaintiffs' conclusory market-concentration allegations are not sufficient to plausibly plead harm. *See DeHoog v. Anheuser-Busch InBev SA/NV*, 899 F.3d 758, 763-64 (9th Cir. 2018).[4]

*Finally*, Plaintiffs argue that they have plausibly pled harm to potential competition in "the Northeastern portion of the United States where Albertsons has 175 stores and Kroger has none," reasoning that, but-for the merger, Kroger might expand into the Northeast. Opp. 13. Neither the FAC nor the Opposition offers any facts indicating that Kroger has plans to expand in this region, and the lone case Plaintiffs cite for this proposition—*United States v. Falstaff Brewing Corp.*, 410 U.S. 526 (1973)—does not support the argument that hypothetical market expansion by a competitor demonstrates a likely reduction in potential competition. Rather, *Falstaff* affirms that allegations that a merger will substantially lessen competition must be supported by *facts*; indeed, the Supreme Court remanded for a factual assessment of "Falstaff as an on-the-fringe potential competitor." *Id.* at 537.[5] Applying *Falstaff* here, Plaintiffs' fact-free speculation about Kroger's hypothetical expansion into the Northeast is not sufficient to state a claim.

### III.    PLAINTIFFS' CLAIM IS NOT RIPE

This Court already held that it would dismiss or stay the case for lack of ripeness. MTD Order at 2. While Kroger has highlighted updates about the proposed divestiture in the time since

---

[3] HHIs are a common metric used to calculate market concentration in a properly defined relevant market. *See FTC v. RAG-Stiftung*, 436 F.Supp.3d 278, 310 (D.D.C. 2020); *Malaney*, 2010 WL 3790296 at *12 n.19.

[4] Similarly, Plaintiffs' handwaving at other "national" harm flowing from an alleged loss of supplier-level competition, Opp. 8, has no factual support and is irrelevant as to the individual plaintiff-consumers in this case, whose claims relate to retail grocery competition, not alleged supplier competition. Moreover, as in the first round of motion-to-dismiss briefing, Plaintiffs do not defend their conclusory allegations of harm to the "competition for labor," FAC ¶ 85, implicitly conceding that their labor-related allegations are meritless, *see* Mot. 14 n.6.

[5] On remand in *Falstaff*, the district court again found that the government had failed to show that Falstaff's acquisition of Narragansett was likely to substantially lessen competition in the New England beer market. *United States v. Falstaff Brewing Corp.*, 383 F. Supp. 1020, 1028 (D.R.I. 1974).

the MTD Order, *see* Mot. 4-5, Plaintiffs have refused to incorporate those factual developments into their amended pleading, Opp. 14-15. Rather, they allege the same insufficient facts they alleged the first time around, citing the same authorities. *See supra* at 2-3; FAC ¶ 14. Plaintiffs thus provide no basis for this Court to reach a different conclusion as to ripeness.

Plaintiffs only arguable elaboration on their ripeness arguments in prior briefs is their expanded discussion of *Hospital Corp. of America*, 807 F.2d at 1384, which they cite for the argument that "all post-merger agreement evidence of divestiture should be disregarded." Opp. 14. *Hospital Corp.* does not stand for that broad proposition. Rather, on review of an FTC administrative decision, *Hospital Corp.* affirmed the FTC's refusal to consider a post-merger cancellation of a hospital management contract that "may have been made to improve Hospital Corporation's litigation position." 807 F.2d at 1384. It did not deal with a divestiture of hundreds of stores that was expressly contemplated by the Merger Agreement, *see* MTD Order at 2, and which will significantly change the competitive landscape and remedy any hypothetical anticompetitive effects resulting from the merger, as the proposed divestiture does here. Plaintiffs' unwillingness to consider the effect of the divestiture on their claim demonstrates their failure to show that their claim is ripe. And irrespective of any divestiture, the FAC—on its face—does not demonstrate that this case is ripe, as this Court correctly concluded in the MTD Order.

## IV. PLAINTIFFS' CLAIM SHOULD BE DISMISSED WITH PREJUDICE

In response to Kroger's and Albertsons' request for dismissal with prejudice, Mot. 15, Plaintiffs have not sought leave to amend, *see generally* Opp. Nor did they materially amend their initial Complaint, *see* Mot., Ex. A (comparison of FAC to original Complaint), despite the manifest flaws that Defendants and this Court identified. Instead, Plaintiffs have continued to litigate the same theory, repeating the same facts (including many of the same implausible Dividend-related allegations, *see* Mot. 15), and reciting the same passages from the same Supreme Court cases. Further amendment is futile and will serve no purpose.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed in its entirety, with prejudice.

| | |
|---|---|
| Dated: November 16, 2023 | By: /s/ *Daniel B. Asimow* |

DANIEL B. ASIMOW
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3100
Fax: (415) 471-3400
Daniel.Asimow@arnoldporter.com

SONIA K. PFAFFENROTH (SBN 223984)
MATTHEW WOLF (*pro hac vice*)
MICHAEL BERNSTEIN (*pro hac vice*)
KOLYA D. GLICK (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave., N.W.
Washington, DC 20001
Telephone: (202) 942-5000
Fax: (202) 942-5999
Sonia.Pfaffenroth@arnoldporter.com
Matthew.Wolf@arnoldporter.com
Michael.Bernstein@arnoldporter.com
Kolya.Glick@arnoldporter.com

*Attorneys for Defendant*
THE KROGER CO.

/s/ *Edward D. Hassi*
EDWARD D. HASSI (*pro hac vice*)

JOHN (JAY) NEUKOM (SBN 275887)
**DEBEVOISE & PLIMPTON LLP**
650 California Street
San Francisco, CA 94108
Telephone: (415) 738-5700
jneukom@debevoise.com

EDWARD D. HASSI (*pro hac vice*)
LEAH S. MARTIN (*pro hac vice*)
**DEBEVOISE & PLIMPTON LLP**
801 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 383-8000
thassi@debevoise.com
lmartin@debevoise.com

SHANNON R. SELDEN (*pro hac vice*)
J. ROBERT ABRAHAM (*pro hac vice*)
**DEBEVOISE & PLIMPTON LLP**
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000
srselden@debevoise.com
jrabraham@debevoise.com

*Attorneys for Defendant*
ALBERTSONS COMPANIES, INC.

- 13 -

## SIGNATURE ATTESTATION

I, Daniel B. Asimow, am the ECF user whose user ID and password are being utilized to electronically file this REPLY IN SUPPORT OF DEFENDANTS THE KROGER CO.'S AND ALBERTSONS COMPANIES, INC.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT.  Pursuant to Local Rule 5-1(i)(3), I hereby attest that the other signatories have concurred in this filing.

Dated:  November 16, 2023

/s/ *Daniel B. Asimow*
Daniel B. Asimow