Russell P. Cohen (SBN 213105)
Joseph D. Trujillo (SBN 305170)
DECHERT LLP
One Bush Street, Ste.1600
San Francisco, CA 94104-4446
Telephone: (415) 262-4500
Fax: (415) 262-4555

Andrew J. Levander (admitted *pro hac vice*)
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036-6797
Telephone: (212) 698-3500
Fax: (212) 698-3599

Thomas J. Miller (admitted *pro hac vice*)
Dechert LLP
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000
Fax: (215) 994-2222

*Attorneys for Defendant Cerberus Capital Management, L.P.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christine Whalen, *et al*., <br><br> Plaintiffs, <br><br> *v.* <br><br> Kroger Co., Albertsons Companies, Inc., and Cerberus Capital Management, L.P., <br> Defendants. | Case No.: 23-cv-00459-VC <br><br> **CERBERUS CAPITAL MANAGEMENT, L.P.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECTION 7 CLAIM AGAINST CERBERUS (COUNT ONE)** <br><br> Date: December 7, 2023 <br> Time: 10:00 AM <br> Courtroom: 5, 17th Floor |

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ................................................................................................................ 1

ARGUMENT...................................................................................................................... 2

     I.      PLAINTIFFS LACK STANDING TO CHALLENGE THE DIVIDEND ........... 2

     II.     PLAINTIFFS ARE NOT ENTITLED TO DISGORGEMENT ........................... 4

     III.    PLAINTIFFS HAVE FAILED TO STATE A SECTION 7 CLAIM
             AGAINST CERBERUS ..................................................................................... 7

CONCLUSION................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AMG Cap. Mgmt., LLC v. Fed. Trade Comm'n,*
    141 S. Ct. 1341 (2021) ............................................................................................................6

*California v. American Stores,*
    495 U.S. 271 (1990) ..........................................................................................................2, 5

*In re Cathode Ray Tube (CRT) Antitrust Litig.,*
    2016 WL 3648478 (N.D. Cal. July 7, 2016) ....................................................................5, 6

*Coalition for ICANN Transparency Inc. v. Verisign, Inc.,*
    771 F. Supp. 2d 1195 (N.D. Cal. 2011) .................................................................................5

*Cork v. CC-Palo Alto, Inc.,*
    534 F. Supp. 3d 1156 (N.D. Cal. 2021) .................................................................................3

*Fed. Trade Comm'n v. Noland,*
    2020 WL 4530459 (D. Az. Aug. 6, 2020) .............................................................................6

*In re Generic Pharmaceuticals Pricing Antitrust Litig.,*
    605 F. Supp. 3d 672 (E.D. Pa. 2022) ....................................................................................5

*Liu v. Securities and Exchange Commission,*
    140 S. Ct. 1936 (2020) ...........................................................................................................6

*In re Multidistrict Vehicle Air Pollution,*
    538 F.2d 231 (9th Cir. 1976) .................................................................................................5

*Pennsylvania Sugar Refining Co. v. American Sugar Refining Co.,*
    160 F. 144 (S.D.N.Y. 1908) ...................................................................................................7

*In re Pre-Filled Propane Tank Antitrust Litig.,*
    893 F.3d 1047 (8th Cir. 2018) ...............................................................................................5

*Schine Chain Theatres, Inc. v. United States,*
    334 U.S. 110 (1948) ...............................................................................................................6

*U.S. v. Keyspan Corp.,*
    763 F. Supp. 2d 633 (SDNY 2011) .......................................................................................6

*United States v. Grinnell,*
    384 U.S. 563 (1966) ...............................................................................................................6

*United States v. Microsoft,*
    253 F.3d 34 (D.C. Cir. 2001) (en banc) ................................................................................6

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

*United States v. Paramount Pictures*,
    334 U.S. 131 (1948)..................................................................................................................6

*United States v. United Shoe Machinery Corp.*,
    391 U.S. 244 (1968)..................................................................................................................6

**Statutes**

15 U.S.C. § 18……………………………………………………………………*passim*

15 U.S.C. § 26……………………………………………………………………*passim*

Defendant Cerberus Capital Management, L.P. ("Cerberus") submits this memorandum in support of its Motion to Dismiss Plaintiffs' Clayton Act Section 7, 15 U.S.C. § 18 ("Section 7"), Claim Against Cerberus.

## INTRODUCTION

Cerberus is not a party to the Kroger-Albertsons merger agreement and it is inexplicable why Cerberus remains a party to Plaintiffs' merger challenge.

In its opening brief, Cerberus established that Plaintiffs' amended claim must be dismissed for three independent reasons: (1) the First Amended Complaint ("FAC") fails to proffer any new facts that overcome the Court's previous finding that Plaintiffs lack standing, ECF No. 97 at 10-14; (2) Plaintiffs lack any legal basis to seek disgorgement of the Albertsons dividend, *id.* at 14-15; and (3) Plaintiffs have no basis under Section 7 to challenge the dividend, *id.* at 15-19.  Plaintiffs' opposition largely ignores Cerberus' (and the Court's) standing concerns. Instead, Plaintiffs press the same allegations that the Court has already rejected as insufficient, ECF No. 110 at 4-9, and rehash a handful of inapposite cases to defend their request for disgorgement, *id.* at 10-12.  In short, Plaintiffs' opposition does nothing to address the fatal flaws in their case against Cerberus.

***First***, Plaintiffs' "amended" allegations in the FAC are nothing more than a repackaged version of those alleged in their original Complaint.  Plaintiffs' opposition fails to demonstrate how its amended allegations are any different from those already considered and rejected by the Court.  Indeed, Plaintiffs ignored the Court's explicit concern that their original Complaint lacked factual allegations regarding "Albertsons's financial strength before the dividend or how Albertsons has fared after."  ECF No. 91 at 1-2.  This failure again warrants dismissing the claim against Cerberus for lack of Article III standing.  Moreover, Plaintiffs fail to address why the FAC's recycled allegations are any less remote or speculative than those proffered in the

Complaint, *see* ECF No. 97 at 12, thus separately requiring that the FAC also be dismissed for lack of antitrust standing.

*Second*, Ninth Circuit precedent is clear that disgorgement is not an available remedy under Section 16, 15 U.S.C. § 26 ("Section 16").  Plaintiffs ignore that controlling authority and lean on a single case, *California v. American Stores*, 495 U.S. 271 (1990), that does not support any right to disgorgement here.  ECF No. 110 at 10; FAC ¶ 13.  As a fallback, Plaintiffs appear to urge this Court to rely on its "inherent equitable power."  ECF No. 110 at 11-12.  But Plaintiffs' position about the scope of this Court's equitable authority rests on inapposite case law and an attempt to conflate "injunctive relief" under Section 16 with the broader concept of "equitable relief."

*Third*, scattered throughout their opposition, Plaintiffs repeat their conclusory assertions that the dividend was "part of the acquisition" and "in furtherance of the [Section 7] violation to 'lessen competition.'"  *Id.* at 5, 9.  But Plaintiffs' position rests on a fundamental mischaracterization of the merger agreement's terms and, in any event, Plaintiffs omit any response to the opening brief's showing that only acquisitions lessening competition may serve as the appropriate object of a Section 7 claim.  ECF No. 97 at 15-19.

The Court has already permitted Plaintiffs an opportunity to cure the deficiencies in its claim against Cerberus.  Plaintiffs' failure to do so demonstrates that they have no factual or legal basis for their claim.  Cerberus has no business being in this case.  The Court should dismiss Plaintiffs' claim against Cerberus with prejudice.

## ARGUMENT

## I.   PLAINTIFFS LACK STANDING TO CHALLENGE THE DIVIDEND

Plaintiffs have continued to stake their claim on a handful of conclusory allegations about the impact of the Albertsons dividend on grocery store shoppers that the Court has already

rejected as insufficient to establish Article III standing.[1]  As Cerberus demonstrated in its opening brief, each of the allegations on which Plaintiffs rely (FAC ¶¶ 61, 89, 145-52, 154) is substantively identical to those alleged in Plaintiffs' original Complaint and rejected by the Court.  ECF No. 97 at 7-8, fns. 2-5, App. A.  Plaintiffs' opposition does not even attempt to show that the FAC's allegations are materially different from those in the original Complaint, because they are not.  Plaintiffs likewise fail to address the Court's specific concern that they failed to plead facts addressing Albertsons' financial health before and after the dividend was paid.  ECF No. 91 at 1-2.  This omission is not surprising.  Because Albertsons is a public company and its robust financial performance a matter of public record, Plaintiffs have no basis to credibly address the Court's concerns.  Having failed to substantiate with actual facts their highly speculative allegation that a dividend issued nearly a year ago is likely to harm those Plaintiffs who shop at Albertsons, the Court should dismiss Plaintiffs' claim challenging the dividend for lack of Article III standing.[2]

---

[1] In their opposition, Plaintiffs assert the following: (1) the "purpose" of the dividend was to eliminate Albertsons' "cash on hand" and "double its debt," ECF No. 110 at 7-8 (citing FAC ¶¶ 145-49, 151); (2) because of the dividend, Albertsons' "competitive position in the marketplace" has been "compromised" and Albertsons is "no longer able to compete with Kroger" on wages, store improvements, and prices, ECF No. 110 at 8-9 (citing FAC ¶¶ 150, 154); (3) the dividend will "leave" Albertsons undercapitalized, ECF No. 110 at 8 (citing FAC ¶ 61); and (4) without cash, Albertsons will "find it difficult to advertise, to promote, to increase services . . . or to reorganize stores" and "[a]s a substitute for credit," Albertsons "may rely on higher prices to raise cash . . ."  ECF No. 110 at 8 (citing FAC ¶¶ 89, 152).

[2] Plaintiffs' opposition raises certain new allegations, including that some Cerberus officers serve on Albertsons' board of directors.  *See* ECF No. 110 at 4.  It is of course improper to add new allegations in opposing a motion to dismiss.  *Cork v. CC-Palo Alto, Inc.*, 534 F. Supp. 3d 1156, 1183 n.8 (N.D. Cal. 2021) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Regardless, these belated assertions do not cure the fundamental defects in Plaintiffs' case, including their failure to allege standing, establish a right to a remedy, or salvage their unsupported legal theory under Section 7 challenging the dividend.

Moreover, Plaintiffs fail to allege facts showing that they have antitrust standing to pursue their claim against Cerberus.  Plaintiffs cannot demonstrate antitrust standing because their proffered chain of events linking the dividend to the ultimate issue in antitrust law (harm to competition) is entirely speculative.  *See* ECF No. 97 at 12-14.  To the contrary, Albertsons has remained financially strong since paying the dividend nearly a year ago.  *See* ECF No. 42 (Memorandum of Defendant Albertsons in Support of Motion to Dismiss) at 17-18; ECF No. 75 (Albertsons Reply in Support of Motion to Dismiss) at 4-6.[3]  Plaintiffs also fail to offer any response to Cerberus' fundamental point that, because Plaintiffs (grocery store shoppers) and Cerberus (a registered investment advisor) operate in entirely different markets, Plaintiffs cannot show antitrust injury.  ECF No. 97 at 13-14.  These additional deficiencies in the FAC are independent grounds to dismiss Plaintiffs' claim against Cerberus.

## II.      PLAINTIFFS ARE NOT ENTITLED TO DISGORGEMENT

In its opening brief, Cerberus explained that the single remedy Plaintiffs seek against it— disgorgement of the portion of the dividend that funds managed by Cerberus received and subsequently distributed to its investors[4]—is not available as a matter of law under Section 16. ECF No. 97 at 14-15 (collecting cases).  Plaintiffs offer two responses: (1) that the Supreme

---

[3] Plaintiffs suggest that defendants' citation to matters outside the FAC are "irrelevant as a matter of law" and, if defendants continue to proffer such citations, Plaintiffs should "be allowed discovery" to support their allegations.  ECF No. 110 at 6.  That contention is meritless.  For one, the Court need not credit any facts outside the FAC to find its allegations woefully deficient.  Moreover, Plaintiffs' failure to address key facts—including facts put in the record from Plaintiffs' equally meritless motion for a preliminary injunction or questions raised by the Court itself—illustrates that, when drafting their pleadings, Plaintiffs' counsel failed to adequately investigate and consider those facts in the public record that materially undermine their position.

[4] Defendant Cerberus Capital Management., L.P. is not a shareholder in Albertsons.  Cerberus is a registered investment advisor and Cerberus and/or one or more of its affiliates manages certain entities that are indirect shareholders of Albertsons. See ECF No. 55-1.  To the extent the FAC alleges otherwise, it is incorrect.  But nothing in this motion depends on these facts.

Court's decision in *California v. American Stores*, 495 U.S. 271 (1990) authorizes such relief under Section 16; and (2) that this Court may, pursuant to its "inherent equitable power," exercise its "discretion" to award disgorgement.  ECF No. 110 at 10-12.  Both arguments fail.

     ***First***, Plaintiffs are wrong that the Supreme Court's decision in *American Stores* authorizes disgorgement under Section 16.  *American Stores* did not address disgorgement as a remedy at all.  While that case states generally that "the literal text of § 16 is plainly sufficient to authorize injunctive relief . . . that will prohibit that conduct from causing that harm," FAC ¶ 13 (citing *California v. Am. Stores Co.*, 495 U.S. 271, 283 (1990)), Plaintiffs misstate the critical facts of that case.  *American Stores* involved merging parties subject to a hold separate order that had not yet integrated their businesses.  495 U.S. at 277 n.3.  In that context, the Court simply applied Section 16 in a straightforward manner to award ***prospective*** relief to prevent the risk of ***future*** harm by a not-yet-consummated merger.  *American Stores* does not, however, authorize Plaintiffs to seek "after the fact" disgorgement of a dividend.  ECF No. 110 at 10.  This Court should follow the cases (including from the Ninth Circuit) that actually address the issue of disgorgement under Section 16 and declare it unavailable, all of which Plaintiffs ignore.  *See In re Multidistrict Vehicle Air Pollution*, 538 F.2d 231, 234 (9th Cir. 1976); *Coalition for ICANN Transparency Inc. v. Verisign, Inc.*, 771 F. Supp. 2d 1195, 1202 (N.D. Cal. 2011); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2016 WL 3648478, at \*13-14 (N.D. Cal. July 7, 2016); *In re Generic Pharmaceuticals Pricing Antitrust Litig.*, 605 F. Supp. 3d 672, 677-79 (E.D. Pa. 2022); *In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1059 (8th Cir. 2018).

     ***Second***, Plaintiffs' fallback position that this Court may order disgorgement pursuant to its inherent equitable authority also rests on inapposite case law.  Plaintiffs' chief authority in support of this position, *Liu v. Securities and Exchange Commission*, was decided under the

Securities and Exchange Act, which, as the Court there explained, employs the broader umbrella term "equitable relief."  140 S. Ct. 1936, 1940-42 (2020).  *Liu* says nothing about the scope of available relief for an action brought under Section 16, which more narrowly authorizes "injunctive relief" aimed at addressing prospective potential harms.  This distinction is critical, as courts have emphasized when distinguishing between remedies intended to address past versus future harms.  *See AMG Cap. Mgmt., LLC v. Fed. Trade Comm'n*, 141 S. Ct. 1341, 1347-48 (2021) (monetary equitable relief improper under FTC Act provisions that "focus[] upon relief that is prospective, not retrospective."); *see also* ECF No. 76 at 9 n.4 (collecting cases and explaining disgorgement's "backward looking," *i.e.*, retrospective, nature).  At least one court construing *Liu* has found that case limited to actions brought under the federal securities laws. *See, e.g.*, *Fed. Trade Comm'n v. Noland*, 2020 WL 4530459 at *4 (D. Az. Aug. 6, 2020) ("*Liu* addressed the disgorgement remedy the SEC may seek under its governing statute and didn't once discuss the FTC, which is governed by an entirely different statute.").  Plaintiffs' remaining authorities either do not arise under the federal antitrust laws in the first instance[5] or, if they do, say nothing about the scope of relief available under Section 16.[6]

In short—and as the Court expected—Plaintiffs have again failed to articulate a legal basis for the sole remedy they seek against Cerberus.  ECF No. 91 at 2-3 ("It's difficult to see

---

[5] ECF No. 110 at 10 (citing *Porter v. Warner Holding Co.*, 328 U.S. 395 (1946) (Emergency Price Control Act)).

[6] ECF No. 110 at 11 (citing *TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 2790179 (N.D. Cal. July 12, 2011) (no discussion of Section 16); *U.S. v. Keyspan Corp.*, 763 F. Supp. 2d 633 (SDNY 2011) (same); *United States v. Paramount Pictures*, 334 U.S. 131, 171-72 (1948) (same); *United States v. United Shoe Machinery Corp.*, 391 U.S. 244, 250 (1968) (same); *United States v. Grinnell*, 384 U.S. 563, 577 (1966) (same); *Schine Chain Theatres, Inc. v. United States*, 334 U.S. 110, 128-29 (1948) (same); *United States v. Microsoft*, 253 F.3d 34, 103 (D.C. Cir. 2001) (en banc) (same).

how the plaintiffs could ever state a claim for disgorgement of the dividend payment, but in an abundance of caution dismissal of that claim is with leave to amend as well.").  In the absence of a cognizable remedy, the Court should dismiss Plaintiffs' claim challenging the dividend with prejudice.

## III.  PLAINTIFFS HAVE FAILED TO STATE A SECTION 7 CLAIM AGAINST CERBERUS

In its opening brief, Cerberus established that Plaintiffs may not challenge the dividend under Section 7 because: (1) Section 7 is directed to acquisitions that may substantially lessen competition and Cerberus is not a party to the challenged merger; and (2)  Plaintiffs have no credible allegations that the dividend was "in furtherance of," "inextricably tied to," or  "a part of" the challenged merger.  ECF No. 97 at 18-19.  In their opposition, Plaintiffs offer no response whatsoever to the first argument, let alone identify authority that could support extending Section 7 to entities other than those who are the parties to an acquisition.[7]  That is yet another ground to dismiss their Section 7 claim against Cerberus.

Plaintiffs' attempts to support the factual basis for their contention that the dividend was "part of" the challenged merger also fails because it rests on numerous demonstrable mischaracterizations of the merger agreement.  ***First***, Plaintiffs assert that, because the merger agreement refers to the terms "Common Merger Consideration," "Pre-Closing Dividend," and

---

[7] In their opposition, Plaintiffs again cite *Pennsylvania Sugar Refining Co. v. American Sugar Refining Co.*, 160 F. 144 (S.D.N.Y. 1908), and its Second Circuit appeal, to argue that a shareholder of a company may conspire to violate the antitrust laws.  *See* ECF No. 110 at 9.  Plaintiffs' reliance on *Pennsylvania Sugar* remains misplaced.  For one, that case involved a claim under Section 1 of the Sherman Act and does not support the viability of Plaintiffs' claim challenging the dividend under Section 7 of the Clayton Act (a law that did not yet exist in 1908).  Moreover, *Pennsylvania Sugar* involved a total shutdown of the plaintiff competitor's business, which by Plaintiffs' own admissions is not the case here.  *See* ECF No. 110 at 9 ("Plaintiffs do not assert that the payment was meant to shutdown Albertsons.").

"Modified [Common] Merger Consideration," the dividend "is an integral part of the consideration given in the Agreement." ECF No. 110 at 5. But references to the dividend in the merger agreement do not make it part of the underlying consideration for that agreement. The terms Plaintiffs cite simply provide that, in the event Albertsons independently decided to issue a pre-closing dividend to its shareholders, Kroger's per share payment would decrease by the amount of that dividend. ECF No. 42-6 at 12, 22, 25 (defining terms). Nothing about the definition of these terms shows that dividend was in any way required under (or "integral to") the merger agreement.

*Second*, Plaintiffs argue that the "Modified Common Merger Consideration" is "part and parcel" of the determination of "Equity Exchange Ratio." ECF No. 110 at 6. This argument is also beside the point. While the merger agreement's definition of Equity Exchange Ratio is defined as a fraction for which the Modified Common Merger Consideration serves as the numerator, ECF No. 42-6 at 18, the definition of Modified Common Merger Consideration in no way required Albertsons to issue the dividend, *id.* at 22.

*Third*, Plaintiffs say that the "Pre-Closing Dividend" is "specifically limited in the Merger Agreement itself," thereby demonstrating that "Kroger in fact had some control over the amount of the payment and whether the payment would be made." ECF No. 110 at 6. That is also a mischaracterization of the merger agreement. The term "Pre-Closing Dividend" is defined as "one or more special cash dividends payable to holders of Company Common Stock, Company Preferred Stock . . . in an amount not to exceed with respect to all such special cash dividends $4,000,000,000 in the aggregate." ECF No. 42-6 at 25. Nothing about this definition is "specifically limited" to the merger agreement nor does it show that Kroger "in fact had some control over . . . whether the payment would be made." Again, the facts are that Albertsons

independently decided to declare and issue the dividend and the merger agreement does not suggest otherwise.  ECF No. 42 at 14 n.6; ECF No. 54-2 ¶¶ 16, 20; ECF No. 42-10 at 65-67; ECF No. 42-12 at 4.  Plaintiffs' demonstrably false assertions (which are also not in the FAC) provide no basis for sustaining the claim against Cerberus under Section 7.[8]

### CONCLUSION

This Court previously dismissed Plaintiffs' claim and expressed skepticism about how Plaintiffs "could ever state a claim for disgorgement of the dividend payment."  ECF No. 91 at 2-3.  Plaintiffs' complete failure to correct the deficiencies in their claim has proven the Court's skepticism correct.  The Court should dismiss Plaintiffs' ill-advised and unfounded tagalong claim against Cerberus with prejudice.

Dated:  November 16, 2023

By: */s/ Russell P. Cohen*
Russell P. Cohen
Joseph D. Trujillo
DECHERT LLP
One Bush Street, Ste. 1600
San Francisco, CA 94104-4446
Telephone: (415) 262-4500
Fax: (415) 262-4555

Andrew J. Levander (admitted *pro hac vice*)
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036-6797
Telephone: (212) 698-3500
Fax: (212) 698-3599

Thomas J. Miller (admitted *pro hac vice*)
Dechert LLP
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000
Fax: (215) 994-2222
*Attorneys for Cerberus Capital Management, L.P.*

---

[8] *See also supra* note 2.