UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE WHALEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALBERTSONS COMPANIES INC., et al.,<br><br>Defendants. | Case No.  23-cv-00459-VC<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 96, 97 |

The motions to dismiss are granted because the plaintiffs have failed to allege Article III standing. This order assumes the reader's familiarity with the factual allegations, the relevant law, and the parties' arguments.

The plaintiffs have again failed to provide enough information about their own situations to adequately allege that they are likely to suffer an injury from the proposed merger. Of the 24 plaintiffs, only a few allege they have shopped at an Albertsons or Kroger store at all. And the allegations about those few plaintiffs barely say anything, simply intoning that they "have shopped" at a store in their area (although elsewhere the complaint mentions in passing that they "shop" at one of the stores). And they allege that if the merger goes through, they will be forced to pay higher prices. But the plaintiffs say nothing about whether (and how many) alternative grocery store options exist in the areas where they could realistically be expected to shop. This could affect the analysis of whether prices are likely to increase at the Albertsons or Kroger stores where the plaintiffs allege they have shopped. Even aside from that, the bare allegation by some plaintiffs that they have shopped at an Albertsons or Kroger store leaves many questions relating to the likelihood of actual injury unanswered: Do they still shop there? If so, is it

occasionally or regularly? Are there other reasonable options equally accessible to them? The plaintiffs also fail to account for the proposed divestiture plan, even though details are emerging about that plan, and even though it could result in stores where the plaintiffs allegedly shop being divested by Albertsons and Kroger altogether. Perhaps the failure to address one of these questions would not, on its own, support dismissal for lack of standing. But the failure to address so many means the plaintiffs have not adequately alleged that they are likely to be injured by the merger.

The complaint does include new allegations of market concentration in the metropolitan areas of Tucson, Reno, and Colorado Springs. Specifically, the plaintiffs invoke the Herfindahl-Hirschman Index for these markets. The HHI is a "commonly used metric for determining market share." *Saint Alphonsus Medical Center-Nampa Inc. v. St. Luke's Health System, Ltd.*, 778 F.3d 775, 786 (9th Cir. 2015). The HHI determines how concentrated a given market is by squaring the percent market share of each firm in the relevant market and then adding those numbers together. From there, one can calculate the change in HHI post-merger to see how a merger might affect market concentration. *See F.T.C. v. H.J. Heinz Co.*, 246 F.3d 708, 715 n.9 (D.C. Cir. 2001). The plaintiffs allege that the Tucson, Reno, and Colorado Springs metropolitan areas are already considered either moderately or highly concentrated markets and that post-merger the HHI will increase enough to create a presumptive likelihood of enhanced market power.[1] From this the plaintiffs allege the elimination of Albertsons in these metropolitan areas may result in higher prices. But the HHI allegations seem more focused on the merits of the antitrust action—whether competition will be adversely affected in general—than on the threshold question of whether these individual plaintiffs will be harmed in particular. For example, there are no allegations to connect the alleged increased market concentration across entire metropolitan areas to the areas where the plaintiffs could reasonably be expected to shop.

---

[1] The complaint alleges that after the merger the HHI in Seattle will increase such that it is "presumed likely to enhance market power" but there are no allegations about Seattle's market concentration pre-merger.

Moreover, although the plaintiffs assert that the HHI in these three metropolitan areas will increase by 200 to 1,250 points, they don't explain where or how they got their numbers. And again, they do not account for the fact that up to 650 stores may be divested before the merger, including 413 stores that Albertsons and Kroger agreed to divest before the plaintiffs filed their amended complaint; indeed, the plaintiffs continue to insist (erroneously) that the divestiture is simply not relevant.

The plaintiffs have already been given one chance to fix the defects in their jurisdictional allegations. And there continue to be many shortcomings in the allegations relating to the merits. Thus, dismissal without leave to amend could well be appropriate at this point. But as mentioned in the prior order, the proposed merger—at least as described by the plaintiffs—does raise concerns about competition among grocery stores. It's not out of the question that the plaintiffs could ultimately offer more detailed allegations that support antitrust claims, as well as standing to assert them. So in an abundance of caution, the plaintiffs will be given another opportunity to amend with respect to the claims against Albertsons and Kroger.

For the reasons already stated, the claim against Cerberus must also be dismissed for failure to allege standing. But the allegations against Cerberus suffer from so many other flaws that the dismissal for lack of jurisdiction is without leave to amend. First, the plaintiffs have not provided any additional factual allegations in support of their assertion that Albertsons was financially weakened by the dividend, despite this Court's previous order outlining this problem. *See Whalen v. Albertsons Companies Inc.*, No. 23-CV-00459-VC, 2023 WL 4955141, at *1 (N.D. Cal. Aug. 2, 2023). Second, the plaintiffs continue to seek a remedy of disgorgement under Section 16 of the Clayton Act but have failed to demonstrate that Section 16 permits such a remedy. *See Coalition for ICANN Transparency Inc. v. VeriSign, Inc.*, 771 F. Supp. 2d 1195, 1202 (N.D. Cal. 2011). Third, the plaintiffs dropped their Sherman Act Section 1 claim in the amended complaint. Now they only assert a claim against Cerberus under Section 7 of the Clayton Act. But Cerberus is not a party to the merger and therefore cannot be liable under Section 7. *See Demartini v. Microsoft Corp.*, No. 22-CV-08991-JSC, 2023 WL 2588173, at *6

(N.D. Cal. Mar. 20, 2023). All this shows that amendment would be futile even if the plaintiffs could fix their standing allegations.

Any amended complaint against Albertsons and Kroger must be filed within 21 days of this ruling. The defendants' response is due 21 days thereafter.

**IT IS SO ORDERED.**

Dated: December 20, 2023

_____

VINCE CHHABRIA
United States District Judge