DANIEL B. ASIMOW (SBN 165661)
Daniel.Asimow@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3100
Fax: (415) 471-3400

SONIA K. PFAFFENROTH (SBN 223984)
MATTHEW WOLF (*pro hac vice*)
MICHAEL BERNSTEIN (*pro hac vice*)
KOLYA D. GLICK (*pro hac vice*)
Sonia.Pfaffenroth@arnoldporter.com
Matthew.Wolf@arnoldporter.com
Michael.Bernstein@arnoldporter.com
Kolya.Glick@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave., N.W.
Washington, DC 20001
Telephone: (202) 942-5000
Fax: (202) 942-5999

Attorneys for Defendant THE KROGER CO.

JOHN (JAY) NEUKOM (SBN 275887)
jneukom@debevoise.com
**DEBEVOISE & PLIMPTON LLP**
650 California Street
San Francisco, CA 94108
Telephone: (415) 738-5700

EDWARD D. HASSI (*pro hac vice*)
LEAH S. MARTIN (*pro hac vice*)
thassi@debevoise.com
lmartin@debevoise.com
**DEBEVOISE & PLIMPTON LLP**
801 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 383-8000

SHANNON R. SELDEN (*pro hac vice*)
J. ROBERT ABRAHAM (*pro hac vice*)
srselden@debevoise.com
jrabraham@debevoise.com
**DEBEVOISE & PLIMPTON LLP**
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000

Attorneys for Defendant ALBERTSONS
COMPANIES, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE WHALEN, *et al.*,<br><br>    Plaintiffs,<br><br> v.<br><br>THE KROGER CO., ALBERTSONS COMPANIES, INC., and CERBERUS CAPITAL MANAGEMENT, L.P.,<br><br>    Defendants. | Case No. 3:23-cv-00459-VC<br><br>**REPLY IN SUPPORT OF DEFENDANTS THE KROGER CO.'S AND ALBERTSONS COMPANIES, INC.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>Date:   March 7, 2024<br>Time:   10:00 a.m.<br>Judge:  Hon. Vince Chhabria<br>Courtroom: Courtroom 4 – 17th Floor |

## TABLE OF CONTENTS

ARGUMENT ........................................................................................................3

   I.     PLAINTIFFS FAIL TO ALLEGE STANDING ...................................3

   II.    PLAINTIFFS FAIL TO ALLEGE A CLAYTON ACT CLAIM...........7

   III.   PLAINTIFFS' CLAIM IS NOT RIPE.................................................10

   IV.   PLAINTIFFS' CLAIM SHOULD BE DISMISSED WITH
         PREJUDICE ......................................................................................10

CONCLUSION...................................................................................................10

Reply in Support of Kroger's and Albertsons' MTD the Second Amended Complaint
Case No. 3:23-cv-00459-VC

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re AMR Corp.*,
2023 WL 2563897 (2d Cir. Mar. 20, 2023) ............................................................6, 10

*Brown Shoe v. United States*,
370 U.S. 294 (1962) ........................................................................................................8

*California v. Am. Stores Co.*,
495 U.S. 271 (1990) ........................................................................................................6

*Christian Schmidt Brewing Co. v. G. Heileman Brewing Co.*,
600 F. Supp. 1326 (E.D. Mich. 1985) ............................................................................7

*Demartini v. Microsoft Corp.*,
662 F. Supp. 3d 1055 (N.D. Cal. 2023) ................................................................1,9, 10

*Garavanian v. JetBlue Airways Corp.*,
2023 WL 8627631 (D. Mass. Dec. 13, 2023) ................................................................6

*Hosp. Corp. of Am. v. FTC*,
807 F.2d 1381 (7th Cir. 1986) ........................................................................................9

*Lake v. Fontes*,
83 F.4th 1199 (9th Cir. 2023) .........................................................................................6

*Malaney v. UAL Corp.*,
2010 WL 3790296 (N.D. Cal. Sept. 27, 2010) ..............................................................9

*MAO-MSO Recovery II, LLC v. Mercury Gen.*,
2023 WL 1793469 (9th Cir. Feb. 7, 2023) .....................................................................7

*Marathon Oil Co. v. Mobil Corp.*,
530 F. Supp. 315 (N.D. Ohio 1981) ...............................................................................7

*MSP Recovery Claims, Series LLC v. Jazz Pharms., PLC*,
2023 WL 8600708 (N.D. Cal. Dec. 12, 2023) ...............................................................5

*Netafim Irrigation, Inc. v. Jain Irrigation, Inc.*,
562 F. Supp. 3d 1073 (E.D. Cal. 2021) ..........................................................................8

*Safe Air for Everyone v. Meyer*,
373 F.3d 1035 (9th Cir. 2004) ........................................................................................4

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016)..................................................................................1, 4

*Taleff v. Sw. Airlines Co.*,
828 F. Supp. 2d 1118 (N.D. Cal. 2011) .......................................................5

*Tanaka v. Univ. of S. Cal.*,
252 F.3d 1059 (9th Cir. 2001) .....................................................................7

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) .....................................................................................4

*United States v. Baker Hughes Inc.*,
908 F.2d 981 (D.C. Cir. 1990) .....................................................................9

*United States v. Borden Co.*,
347 U.S. 514 (1954) ...................................................................................10

*United States v. E. I. du Pont de Nemours and Co.*,
353 U.S. 586 (1957).....................................................................................7

*United States v. Falstaff Brewing Corp.*,
383 F. Supp. 1020 (D.R.I. 1974) .................................................................5

*United States v. Falstaff Brewing Corp.*,
410 U.S. 526 (1973) .....................................................................................5

*United States v. JetBlue Airways Corp.*,
2024 WL 162876 (D. Mass. Jan. 16, 2024) ................................................6

Reply in Support of Kroger's and Albertsons' MTD the Second Amended Complaint
Case No. 3:23-cv-00459-VC

## INTRODUCTION

Plaintiffs' Opposition ("Opp.") (ECF No. 126) to Kroger and Albertsons' Motion to Dismiss the Second Amended Complaint ("Mot.") (ECF No. 123) is a broken record, repeating the same debunked theories from their first two complaints and prior briefing and failing to comply with this Court's prior dismissal orders. ECF No. 91 ("1st MTD Order"); ECF No. 120 ("2d MTD Order"). Most notably, Plaintiffs refuse to acknowledge that their burden to plausibly allege Article III standing is not co-extensive with their theoretical right to sue under the Clayton Act, 1st MTD Order at 1, even declaring that Defendants are "blind[]" for suggesting that Plaintiffs must plausibly allege an "injury in fact" to state a viable claim, Opp. 6; *but see Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (the "irreducible constitutional minimum of standing" requires "injury in fact" (citation omitted)). Similarly, Plaintiffs *still* "ignore[] binding Ninth Circuit precedent" holding that their precise theory of Clayton Act liability cannot support a claim. Mot. 1 (quoting *Demartini v. Microsoft Corp.*, 662 F. Supp. 3d 1055, 1064 (N.D. Cal. 2023)).

**Standing**. Notwithstanding this Court's prior MTD Orders, Plaintiffs continue to rest on the flawed premise that alleging they "are direct consumers of Defendants' supermarket services" is sufficient to establish standing. Opp. 2. It is not. As Defendants have explained through three rounds of briefing, Plaintiffs' theory of injury is not *particularized* to their individual circumstances but would instead create a case or controversy between Defendants and every consumer in the nation who has shopped at one of Defendants' stores in the past four years and who "may" do so in the future. Second Am. Compl. ("SAC") ¶¶ 51-52. Unlike the government antitrust enforcers that brought suit in the merger cases Plaintiffs rely upon, *see, e.g.*, Opp. 12-13, Plaintiffs here must allege actual and particularized harm *as to themselves*.

Rather than acknowledging the Article III requirements of a private suit, Plaintiffs seek to deputize themselves as nationwide antitrust enforcers, invoking the "high purpose of enforcing the antitrust laws," Opp. 1 (citation omitted), and insisting that "*[a]ll twenty-four* Plaintiffs" will be injured, Opp. 9, even though the vast majority of those individuals live and work in cities in which Defendants have no overlapping stores. In effect, Plaintiffs seek to represent a *de facto* nationwide

class of consumers in "hundreds of communities across the nation," *id.*, but without meeting any of the procedural requirements for such a class action and without the corresponding preclusive effects. In Plaintiffs' view, if this action fails, Plaintiffs' lawyers could simply gather another 24 individuals from other "communities" to try their luck again. Plaintiffs' expansive interpretation of Article III standing is foreclosed by governing law, and this Court should reject it.

**Failure to state a claim**. The Opposition all but admits that the SAC has not plausibly alleged a relevant geographic market. *See* Opp. 14. With no plausible defense of the SAC's obviously overbroad geographic markets, Plaintiffs simply repeat that the relevant geographic market for retail grocery options is "the entire United States" or entire Core Based Statistical Areas ("CBSAs") within the United States. *Id.* Plaintiffs seek to resuscitate these insufficient allegations with a plea for "[d]iscovery" to help them draw the "metes and bounds" of their "fuzz[y]" geographic markets, *id.* (citations omitted), but that request elides their failure to articulate a limiting principle to define plausible borders for any geographic market, Mot. 11. As to the product market, Plaintiffs offer no meaningful response to Defendants' Motion, instead hanging their hat on a product market definition that implausibly excludes obvious competitors. Opp. 13. Plaintiffs offer no justification for excluding some of Defendants' largest competitors from their alleged product market, and they fail to acknowledge the sources cited in the SAC identifying stores like Walmart, Costco, and Target as Defendants' key rivals. Mot. 12-13; *see* Opp. 13.

Even if Plaintiffs had plausibly alleged a relevant antitrust market, they again fail to demonstrate that the merger is likely to substantially reduce competition in any such market. Plaintiffs' conclusory allegations of competitive harm ignore recent adverse precedent from this Circuit and long-standing precedent from across the country rejecting their simplistic theory that all horizontal mergers are *per se* anticompetitive because they "eliminat[e]" a rival. Mot. 13; *see* SAC ¶ 64. Applying the correct legal standard—which requires Plaintiffs to plausibly allege competitive harm in a relevant market—Plaintiffs have not met their burden. Their vague recital of purported market-concentration statistics in certain CBSAs is insufficient because CBSAs are not proper local geographic markets for retail grocery shopping. Mot. 14. Moreover, apart from

noting that they listed competitors in the multi-county Seattle CBSA, Plaintiffs do not defend their failure to identify relevant competitors or otherwise provide a plausible basis for their conclusory Herfindahl-Hirschman Index ("HHI") "calculations" in any CBSA. Mot. 13-14 & n.3. Plaintiffs likewise refuse to even address the inaccuracies in their recital of the market landscape in Snoqualmie, WA, a city in which *no Plaintiff* lives or works. *Id.*; Opp. 3, 12, 14. In short, Plaintiffs ask this Court to presume harm by the mere fact of the Merger but still fail to plausibly allege harm in any relevant antitrust market.

**Ripeness**. Despite this Court's prior orders, Plaintiffs offer only a one-sentence paragraph and no new factual allegations or legal citations to demonstrate ripeness. Opp. 15; *see* Mot. 15.

**Dismissal with prejudice**. More than a year into this litigation, and despite this Court's prior Orders, Plaintiffs continue to: apply incorrect legal standards; defend markets that contradict the realities of modern retail grocery competition and are rebutted by Plaintiffs' own sources, Mot. 12-13; allege baseless supply-side and labor-based theories of harm, only to abandon those theories in Opposition, Mot. 10; and argue that Albertsons' payment of a Dividend is somehow relevant to their Clayton Act claim, Opp. 15. Plaintiffs pleas for discovery ring hollow, as Defendants produced millions of documents to Plaintiffs months ago, yet not a single document produced by Defendants is cited in the SAC. This Court's remarks at the hearing on Defendants' initial motions to dismiss ring equally true today: Plaintiffs have proven unwilling to "do the work" necessary to litigate a merger challenge of this complexity on the merits. MTD Hr'g Tr. at 13-14 (ECF No. 90). On this third occasion, dismissal should be with prejudice.

## ARGUMENT

## I.   PLAINTIFFS FAIL TO ALLEGE STANDING

Like the first two complaints, the SAC fails to allege facts that establish Plaintiffs' Article III standing. Mot. 7-10. Indeed, the Opposition does not cite—much less attempt to distinguish—the Supreme Court precedent that Defendants cited in their Motion, *id.*, and upon which the Court relied in dismissing the first two Complaints. *See* MTD Order at 1; 2d MTD Order at 1-2.

Plaintiffs continue to wrongly conflate the availability of a private cause of action under the Clayton Act with Plaintiffs' burden of establishing Article III standing, insisting that they need not demonstrate "injury in fact." Opp. 6.[1] Plaintiffs are wrong. Even if they theoretically could bring a claim under the Clayton Act, Plaintiffs must first plead an injury in fact to establish Article III standing. *See Spokeo*, 578 U.S. at 341; Mot. 7. Plaintiffs thus refuse to confront the reality that "an injury in law is not an injury in fact," *see TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021), meaning a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right," *Spokeo*, 578 U.S. at 341. In the present case, while the Clayton Act allows private suits to prevent future harm, that harm still must be "concrete," "actual or imminent," and "particularized" to Plaintiffs to satisfy basic constitutional requirements. *Id.* at 339.

Plaintiffs' Opposition confirms that their alleged injuries are speculative and not particularized. Mot. 9. It is undisputed that 17 Plaintiffs live in cities where Defendants *do not compete at all*. Mot. 7-8; *see* Opp. 5-6. While the SAC adds a few allegations about select grocery options for some Plaintiffs who live in cities with alleged competitive overlap, Opp. 3-5, Plaintiffs do not invoke those allegations for their theory of standing. Instead, they insist that "*[a]ll twenty-four* Plaintiffs are threatened with impending antitrust injury because they are grocery consumers in these impacted markets." Opp. 9. Plaintiffs thus double-down on the errors this Court previously identified, "simply inton[ing] that the federal antitrust statutes give them the right to sue, which of course is beside the point for purposes of constitutional standing." 1st MTD Order at 1.

Plaintiffs make no attempt to explain how an individual like the lead Plaintiff, Ms. Whalen—who does not live in a city with either an Albertsons or Kroger store—can possibly show an injury that is concrete or *particularized* to her, and not simply a speculative injury identical to that of every other consumer in the nation who "may" shop at one of Defendants' stores on an unplanned trip that they "may" take at some unidentified point in the future. *See* Mot. 9; *see also*

---

[1] Plaintiffs' attempt (Opp. 2) to construe *Safe Air for Everyone v. Meyer*, 373 F.3d 1035 (9th Cir. 2004), as a "summary judgment" case demonstrates a misunderstanding of basic pleading rules and the difference between facial and factual jurisdictional challenges under Rule 12(b)(1).

*Taleff v. Sw. Airlines Co.*, 828 F. Supp. 2d 1118, 1123–24 (N.D. Cal. 2011) (rejecting request for injunctive relief based on plaintiffs' "blanket contention that the public interest 'is always served by the competition of two significant rivals'"), *aff'd*, 554 F. App'x 598 (9th Cir. 2014).

"As the Ninth Circuit recently reiterated, '[s]tanding is not dispensed in gross'" but instead must be alleged for each Plaintiff and each claim. *See MSP Recovery Claims, Series LLC v. Jazz Pharms., PLC*, 2023 WL 8600708, at *4 (N.D. Cal. Dec. 12, 2023) (quoting *MAO-MSO Recovery II, LLC v. Mercury Gen.*, 2023 WL 1793469, at *2 (9th Cir. Feb. 7, 2023)). Yet despite this Court's prior guidance, 1st MTD Order at 1-2; 2d MTD Order at 1-3, Plaintiffs do not even acknowledge that they bear the burden to allege standing, Mot. 8-9, much less articulate a coherent theory of injury in fact that this Court could apply to assess whether any individual Plaintiff has adequately alleged standing. Without any plausible theory of injury, Plaintiffs' mish-mash of factual allegations cannot satisfy their burden to establish standing for any specific individual.

To illustrate Plaintiffs' failure to allege particularized harm: Plaintiffs allege standing for the individuals who live in the Northeast United States (where Kroger owns no stores) based on a misrepresentation of *United States v. Falstaff Brewing Corp.*, 410 U.S. 526 (1973), stating that the Supreme Court "enjoined" the merger in that case and suggesting that *Falstaff* provides a near-limitless theory of potential competition that can be used to block a merger. Opp. 5. As Defendants have explained, *see, e.g.*, ECF No. 74 at 4, the Supreme Court in *Falstaff* did *not* enjoin the merger; rather, the court remanded for "a proper assessment of Falstaff as a potential competitor." *Id.* at 527. On remand, the district court again concluded that Falstaff was *not* a potential competitor in the New England beer market and entered judgment for the defendant. *United States v. Falstaff Brewing Corp.*, 383 F. Supp. 1020, 1028 (D.R.I. 1974). As Defendants previously explained, "all *Falstaff* affirms is that allegations that a merger will likely lead to a substantial lessening of competition must be supported by specific facts. Plaintiffs' speculation about future events unsupported by any corresponding factual allegations does not suffice." ECF No. 74 at 4.

Even for the Plaintiffs living in cities where Defendants allegedly compete "head-to-head," Opp. 3, Plaintiffs allege *at most* that each Plaintiff "may" shop at Defendants' store(s) in the future.

Mot. 8. Yet the Ninth Circuit has explained that the mere possibility that something "may" happen is insufficient to establish injury in fact. *Lake v. Fontes*, 83 F.4th 1199, 1201 (9th Cir. 2023) ("[S]peculative allegations that voting machines *may* be hackable are insufficient to establish an injury in fact under Article III." (emphasis added; citation omitted)). Nor do Plaintiffs contest that they failed to allege even an "intent[]" to shop at Defendants' stores, again resting on the Clayton Act's broad statutory language. Mot. 8. Plaintiffs' consistent pleading failures confirm they are unwilling to acknowledge—and unable to meet—their burden to establish standing. *See* Opp. 6 ("There is no requirement of 'injury in fact.'").

This suit—like others brought by this Plaintiffs' counsel—seeks to deputize 24 private individuals as nationwide antitrust enforcers for all consumers, "including [but apparently not limited to] the Plaintiffs," Opp. 10; *see, e.g.*, *In re AMR Corp.*, 2023 WL 2563897, at *1 (2d Cir. Mar. 20, 2023). Yet Plaintiffs cite no caselaw to support their unbounded "private attorney generals" theory. Opp. 1. Plaintiffs' suggestion that *American Stores* was a "private" suit is baffling. Opp. 9. In that case, the State of California brought suit as *parens patriae*, and the Supreme Court held that the element of "threatened harm to California consumers" was "unquestionably satisfied." *California v. Am. Stores Co.*, 495 U.S. 271, 282 (1990). The court affirmed that a "private litigant . . . must have standing" in a Clayton Act case but noted that questions of standing were "not presented." *Id.* at 296. Unlike the plaintiff in *American Stores*, Plaintiffs are not the state, and the question of standing is very much "presented" in this case. *Id.*

Plaintiffs' efforts to dredge up comparable private Clayton Act cases from out-of-circuit district courts are likewise unavailing. *See* Opp. 9 n.4.[2] In the two cases they cite, the plaintiffs were competitors, not consumers, that (1) alleged concrete economic interests and tangible harm,

---

[2] Plaintiffs' footnote reference to *Garavanian v. JetBlue Airways Corp.*, Opp. at 6 n.2, underscores their pleading failure. There, the Court entered summary judgment against 22 of the 24 plaintiffs for lack of standing. *Garavanian v. JetBlue Airways Corp.*, 2023 WL 8627631, at *1-*2 (D. Mass. Dec. 13, 2023). The two plaintiffs' claims that survived demonstrated *regular* travel along *specific* flight routes that allegedly would be affected by the merger. *Id.* Even then, it was the federal government's case challenging that merger—not the private plaintiffs' action—that was tried on the merits; the appeal of the decision in that case remains pending. *United States v. JetBlue Airways Corp.*, 2024 WL 162876, at *1 (D. Mass. Jan. 16, 2024), *appeal pending*, No. 24-1092 (1st Cir.).

(2) supported their antitrust theories with expert analyses of the relevant markets, and (3) sought to enjoin the transaction in the specific geographic markets in which the merger would harm them. *See Christian Schmidt Brewing Co. v. G. Heileman Brewing Co.*, 600 F. Supp. 1326, 1328 (E.D. Mich.), *aff'd*, 753 F.2d 1354 (6th Cir. 1985); *Marathon Oil Co. v. Mobil Corp.*, 530 F. Supp. 315, 320 (N.D. Ohio), *aff'd*, 669 F.2d 378 (6th Cir. 1981). Those cases provide no support for Plaintiffs' contention that they may challenge the merger based on speculation that they "may" travel to faraway cities and "'may' also occasionally" shop at one of Defendants' stores there. SAC ¶ 118.[3]

## II.    PLAINTIFFS FAIL TO ALLEGE A CLAYTON ACT CLAIM

Plaintiffs do not dispute that they must plausibly allege a relevant geographic market and product market to state a claim. Mot. 10-13; Opp. 13. But Plaintiffs' arguments in support of their alleged geographic market are riddled with inconsistencies, and their alleged product market is contradicted by sources incorporated by reference in the SAC. Even if Plaintiffs had plausibly alleged a relevant market, they fail to plausibly allege anticompetitive effects in any such market.

### A.    Plaintiffs Fail to Plausibly Allege a Relevant Geographic Market

Plaintiffs concede that the "[d]etermination of the relevant market is a necessary predicate to a finding of a violation of the Clayton Act." *United States v. E. I. du Pont de Nemours and Co.*, 353 U.S. 586, 593 (1957); *see* Opp. 13. Yet Plaintiffs persist in alleging a national market, *see, e.g.*, Opp. 9, 13, ignoring the fundamental principle that relevant geographic markets are defined based on the "area of effective competition" to which consumers can "turn for alternat[e] sources of supply" in response to small price changes. *Tanaka v. Univ. of S. Cal.*, 252 F.3d 1059, 1063 (9th Cir. 2001) (citation omitted). Plaintiffs do not—and cannot—defend the implausible suggestion that "consumers might fly from San Francisco to Miami for their weekly grocery shopping." Mot. 11. Plaintiffs thus fail to square their alleged national market with the reality that competition for grocery sales is local in nature and features different competitors in different local communities. *See Tanaka*, 252 F.3d at 1063. As with their prior complaints, Plaintiffs undermine

---

[3] Plaintiffs again alleged supply-side and labor-based theories of harm in the SAC, but they again abandon those theories in their Opposition. Mot. 10. Plaintiffs have no standing to allege harm to groups they are not a part of or in markets that do not directly affect them.

their proposed "national market" by acknowledging that "the majority of consumers' grocery shopping occurs at stores located very close to where they live or work," SAC ¶ 82, admitting that some local markets may be defined by "accessibility . . . by foot or by public transit," *id.* ¶ 85.

The Opposition provides no explanation for why any of the overbroad CBSAs or cities that Plaintiffs allege as "smaller local relevant geographic markets" are plausible, properly defined antitrust markets. Mot. 12. Nor do Plaintiffs address caselaw related to recent grocery store mergers in which the relevant geographic markets were defined *within* specific cities, not as entire cities, CBSAs, or the nation as a whole. Mot. 12 (citing cases). Indeed, as Plaintiffs' own cases recognize, a nationwide market is inapt for the kind of admittedly "local" competition for consumers that Plaintiffs allege in this case. *See Brown Shoe v. United States*, 370 U.S. 294, 336-37 (1962). Plaintiffs' failure to define a geographic market that "correspond[s] to the commercial realities of the industry" is fatal to their claim. *Id.* (quotation marks omitted).

Plaintiffs cannot evade their pleading burden by asserting that the relevant markets' boundaries are "fuzz[y]" or insisting on burdensome discovery to define those boundaries, Opp. 14, particularly when they already received—and apparently ignored—the millions of documents produced by Defendants, *supra* at 3. The issue at this stage is not the precise "metes and bounds" of the relevant markets, *contra* Opp. 14, but rather Plaintiffs' failure to articulate *any* "limiting principle[]" to define markets that align with the realities of consumer behavior, *Netafim Irrigation, Inc. v. Jain Irrigation, Inc.*, 562 F. Supp. 3d 1073, 1084-85 (E.D. Cal. 2021). Plaintiffs' continued reliance on implausible geographic markets that presume consumers will travel across cities, counties, and entire states to shop for groceries is again fatal to their claim. Mot. 12.

## B.     Plaintiffs Fail to Plausibly Allege a Relevant Product Market

Plaintiffs' sole conclusory paragraph defending the SAC's alleged product market, Opp. 13, is non-responsive to Defendants' arguments, Mot. 12-13. Plaintiffs do not explain why it is reasonable or plausible to exclude from the product market companies that the SAC's own sources identify as Defendants' key competitors, including Walmart, Costco, and Target. Mot. 12. Contrary to Plaintiffs' inaccurate recital of the Washington attorney general's complaint, Opp. 13

n.6, that complaint acknowledges that Walmart is one of Defendants' competitors, ECF No. 124-1 at ¶ 121. The Colorado attorney general's parallel lawsuit (filed February 14, 2024) similarly recognizes Walmart as a "Supermarket" that competes with Defendants' stores. *See* ECF No. 127-1 at ¶¶ 60-61. Plaintiffs' continuing refusal to plausibly allege a relevant product market consistent with the realities of retail grocery competition independently requires dismissal. Mot. 12-13.

      **C.**     **Plaintiffs Fail to Plausibly Allege Anticompetitive Effects in a Relevant Market**

      Even if Plaintiffs had alleged a plausible relevant market, the Opposition confirms that Plaintiffs have failed to allege anticompetitive effects in any such market. Mot. 13-14.

      ***First***, Plaintiffs ignore the voluminous precedent rejecting their claim that the elimination of a rival is a "per se" violation of the Clayton Act. Mot. 13 (collecting cases). Even the Seventh Circuit decision that Plaintiffs repeatedly cite, *Hospital Corp. of America v. FTC*, "cast[s] doubt on the continued vitality" of older merger cases, explaining that "the Supreme Court, echoed by the lower courts, has said repeatedly that the economic concept of competition, rather than any desire to preserve rivals as such, is the lodestar that shall guide the contemporary application of the antitrust laws, not excluding the Clayton Act." 807 F.2d 1381, 1386 (7th Cir. 1986); *see* Opp. 10, 12, 14. "Simply put, there is no support for the notion that, merely by removing one competitor, any horizontal merger in [an] industry will be anticompetitive and thereby violate Section 7." *Malaney v. UAL Corp.*, 2010 WL 3790296, at *7 n.11 (N.D. Cal. Sept. 27, 2010), *aff'd*, 434 F. App'x 620 (9th Cir. 2011); *Microsoft*, 662 F. Supp. 3d at 1064.

      ***Second***, Plaintiffs again rely on vague, generalized allegations of harm for the proposition that mergers writ large are bad for consumers, citing, *inter alia*: unidentified "economic studies" suggesting that post-merger prices generally increase, nondescript policy statements from global antitrust enforcers, and unsupported characterizations of past mergers. Opp. 7-8. None of these allegations come close to alleging facts that plausibly support a substantial lessening of competition *in this case*, and certainly not within any plausibly alleged market. *See* Mot. 13-14.

      ***Third***, Plaintiffs' reliance on dubious market-share statistics, Mot. 13-14, is insufficient given courts' diminished emphasis on market-share statistics in the past half-century, *see United*

*States v. Baker Hughes Inc.*, 908 F.2d 981, 990 (D.C. Cir. 1990); *In re AMR Corp.*, 2023 WL 2563897, at *2. More importantly, Plaintiffs do not confront the fact that, for market share statistics to be relevant, they must reflect the "relevant market" at issue. Mot. 14 (citing *Microsoft*, 662 F. Supp. 3d at 1065). As explained above, Plaintiffs' market-share statistics are keyed to "fuzz[y]" geographic boundaries and entire CBSAs that are facially implausible as relevant markets and do not reflect the realities of competition. *Supra* at 7-8. Even for the smallest alleged geographic area (Snoqualmie, WA), Plaintiffs do not confront the SAC's inaccuracies about competition in that city, Mot. 8 n.2, or contest that *no Plaintiff lives or works there*. As such, the market-share statistics recited by Plaintiffs are not tied to any relevant antitrust market and are thus insufficient to allege competitive harm as a result of the merger.

## III.   PLAINTIFFS' CLAIM IS NOT RIPE

The same reasons that previously justified dismissal for lack of ripeness still apply. Plaintiffs' single sentence on ripeness, Opp. 15, fails to engage with any of Defendants' arguments and instead rests on the same misplaced citation to *United States v. Borden Co.*, 347 U.S. 514, 515 (1954), that this Court has twice rejected already, Mot. 15.

## IV.   PLAINTIFFS' CLAIM SHOULD BE DISMISSED WITH PREJUDICE

Plaintiffs have not requested leave to amend in any of their three Opposition briefs. While the SAC makes token attempts to address the Court's feedback, Plaintiffs again fail to meet their basic pleading burdens, continue to rely on inapposite theories unsupported by plausible factual allegations, and maintain their frivolous allegations related to Albertsons' payment of a dividend more than one year ago. Opp. 15. In the course of three complaints, Plaintiffs have confirmed that further amendment would be futile and serve no purpose. Dismissal should be with prejudice.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed in its entirety, with prejudice.

Dated:  February 21, 2024

By:  /s/ Daniel Asimow

DANIEL B. ASIMOW
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3100
Fax: (415) 471-3400
Daniel.Asimow@arnoldporter.com

SONIA K. PFAFFENROTH (SBN 223984)
MATTHEW WOLF (*pro hac vice*)
MICHAEL BERNSTEIN (*pro hac vice*)
KOLYA D. GLICK (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave., N.W.
Washington, DC 20001
Telephone: (202) 942-5000
Fax: (202) 942-5999
Sonia.Pfaffenroth@arnoldporter.com
Matthew.Wolf@arnoldporter.com
Michael.Bernstein@arnoldporter.com
Kolya.Glick@arnoldporter.com

*Attorneys for Defendant*
THE KROGER CO.

/s/ *Edward D. Hassi*

EDWARD D. HASSI (*pro hac vice*)
JOHN (JAY) NEUKOM (SBN 275887)
**DEBEVOISE & PLIMPTON LLP**
650 California Street
San Francisco, CA 94108
Telephone: (415) 738-5700
jneukom@debevoise.com

EDWARD D. HASSI (*pro hac vice*)
LEAH S. MARTIN (*pro hac vice*)
**DEBEVOISE & PLIMPTON LLP**
801 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 383-8000
thassi@debevoise.com
lmartin@debevoise.com

SHANNON R. SELDEN (*pro hac vice*)
J. ROBERT ABRAHAM (*pro hac vice*)
**DEBEVOISE & PLIMPTON LLP**
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000
srselden@debevoise.com
jrabraham@debevoise.com

*Attorneys for Defendant*
ALBERTSONS COMPANIES, INC.

## SIGNATURE ATTESTATION

I, Daniel B. Asimow, am the ECF user whose user ID and password are being utilized to electronically file this REPLY IN SUPPORT OF DEFENDANTS THE KROGER CO.'S AND ALBERTSONS COMPANIES, INC.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT.  Pursuant to Local Rule 5-1(i)(3), I hereby attest that the other signatories have concurred in this filing.

Dated:  February 21, 2024

/s/ *Daniel B. Asimow*
Daniel B. Asimow