# Arnold & Porter

Daniel Asimow
+1 415.471.3142 Direct
daniel.asimow@arnoldporter.com

March 7, 2024

**VIA CM/ECF**

Chambers of the Honorable Vince Chhabria
U.S. District Court for the
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    *Whalen et al. v. The Kroger Co. et al.*, No. 3:23-cv-00459-VC,
                Defendants' Letter Brief re: March 4, 2024 Minute Order

Dear Judge Chhabria,

    Defendants The Kroger Co. and Albertsons Companies, Inc. ("Defendants") respectfully submit this Letter Brief in response to this Court's March 4, 2024 Minute Order directing the parties to file submissions "explaining how the FTC's action [in *FTC v. The Kroger Co.*, No. 3:24-CV-00347 (D. Or.)] should impact scheduling in this case." In its Minute Order, the Court instructed that "[t]he parties should address at least the following questions: (1) whether this case should be stayed pending adjudication of the FTC action; (2) alternatively, whether adjudication of the Motion to Dismiss should be delayed until after the FTC's request for a preliminary injunction is decided; (3) whether this case should be transferred to the District of Oregon." Defendants respond as follows:

**Arnold & Porter**

March 7, 2024
Page 2

### 1. Whether this case should be stayed pending adjudication of the FTC action

The FTC has brought a lawsuit in the District of Oregon pursuant to 15 U.S.C. § 53(b) and filed a corresponding administrative complaint (the "FTC Action"), through which it seeks to enjoin Kroger and Albertsons's proposed merger. This case should be stayed pending final adjudication of the FTC Action.

In considering whether to grant a stay, courts generally "consider[] the interests of the parties, the public, and the court." *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) (citing *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1995)). Judicial economy considerations often weigh most heavily in the Court's analysis. *Morgan Hill Concerned Parents Ass'n v. California Dep't of Educ.*, 781 F. App'x 666, 667 (9th Cir. 2019) (affirming order granting temporary stay where "judicial economy strongly favor[ed] the stay"). And in the context of merger litigation, "[c]ourts often wait for agencies, even when the agencies' views are not legally conclusive—not only because the agencies may have something helpful to say, but also because what the agencies *do* may shape the litigation." *S. Austin Coal. Cmty. Council v. SBC Commc'ns Inc.*, 191 F.3d 842, 844 (7th Cir. 1999). Here, the facts and all relevant factors warrant a stay.

The public interest will be served by a stay. Plaintiffs in this case seek to enjoin the same transaction as the FTC Action, and they invoke the same law (the Clayton Act, 15 U.S.C. § 18) against the same parties as the FTC Action. As Defendants have explained throughout this case, *see, e.g.*, ECF No. 130 at 4-7, the FTC is empowered by statute to represent the public interest, its

# Arnold & Porter

March 7, 2024
Page 3

Article III standing to bring suit is not in question, and its lawsuit asks for relief on behalf of the entire country, *including* the private plaintiffs here. In contrast, the private plaintiffs in this case represent only themselves, they have not sought to certify a class action, and they cannot advance any legal interest on behalf of non-parties. *See* ECF No. 130 at 1-2. Now that the FTC—along with nine state attorneys general—has filed suit, there is no benefit to the public interest in allowing private plaintiffs to duplicate the discovery and merits proceedings in that parallel FTC Action.

Judicial economy weighs strongly in favor of having a single federal court adjudicate the core antitrust issues in dispute. Whatever the outcome of the FTC Action, it will affect—and aid the resolution of—this pending case. If plaintiffs in the FTC Action prevail, Plaintiffs' claim here may well be moot, as its allegations of potential harm to consumers could not conceivably materialize. Alternatively, if Defendants prevail in the FTC Action, this Court would benefit from the development of evidence and legal arguments in the FTC Action (and from the court's reasoning in that Action); it would also be well-positioned to issue a prompt ruling on Defendants' Motion to Dismiss and efficiently adjudicate any proceedings that might follow (if the Court were to deny Defendants' Motion to Dismiss). At minimum, the FTC's suit will narrow the issues pending in this case. *Cf. Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (prospect of narrowing the factual and legal issues in the other proceeding may justify a stay); *see also S. Austin Coal.*, 191 F.3d at 844. In either event, this Court's consideration of this case can only benefit from a stay of proceedings.

Finally, the parties will benefit from a stay. Plaintiffs' interests will be adequately

**Arnold & Porter**

March 7, 2024
Page 4

protected by the FTC Action, and they will suffer no prejudice from a stay. The FTC Action invokes the same law as Plaintiffs (Section 7 of the Clayton Act), and seeks the same remedy as Plaintiffs: an injunction against the proposed merger between Kroger and Albertsons. Defendants, in contrast, will be prejudiced if they are required to litigate the same issues in multiple parallel lawsuits. *See* ECF No. 130 at 8-9.

   2. **Alternatively, whether adjudication of the Motion to Dismiss should be delayed until after the FTC's request for a preliminary injunction is decided**

For the reasons stated above, Defendants submit that a stay pending final resolution of the FTC Action represents the best and most efficient use of judicial and party resources. In the alternative, however, staying this case pending resolution of the FTC's request for a preliminary injunction would serve many of those same interests, and Defendants would not object to that approach. In either event, Plaintiffs may always move to lift the stay if circumstances materially change, including if their interests materially diverge from the position advanced by the government plaintiffs in the parallel FTC Action.

   3. **Whether this case should be transferred to the District of Oregon**

This Court should defer any decision concerning whether the case should be transferred to the District of Oregon at least until the FTC's request for a preliminary injunction is resolved.

Given the respective procedural postures of this case and the FTC lawsuit now pending in the District of Oregon, transfer would not provide any material benefit at this stage. Specifically, while this Court closely reviewed two prior iterations of Plaintiffs' Complaint and twice granted Defendants' Motions to Dismiss (and denied Plaintiffs' Motion for a Preliminary Injunction) based

# Arnold & Porter

March 7, 2024
Page 5

on Plaintiffs' failure to adequately allege standing, *see* ECF Nos. 91, 120, Defendants do not intend to challenge the FTC's Article III standing in the FTC Action.

In contrast, and as explained in Defendants' pending Motion to Dismiss, Plaintiffs' Second Amended Complaint in this case is fatally flawed on its face and should be dismissed for multiple independent reasons.  *See* ECF No. 123.  Moreover, Defendants' Motion to Dismiss is fully briefed, refers in large part to this Court's prior orders, and will need to be resolved before any further proceedings.  Given this Court's familiarity with this case—and with these individual Plaintiffs—this Court is best situated to resolve the Motion to Dismiss on the current record (to the extent the case is not stayed).  Transferring this case to the District of Oregon while the FTC Action is in its infancy would only add unnecessary complications to an already complicated case that is expected to proceed on an expedited timeline.

Dated:  March 7, 2024

Respectfully submitted,

By:  /s/ *Daniel B. Asimow*
DANIEL B. ASIMOW (SBN 165661)
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3100
Fax: (415) 471-3400
Daniel.Asimow@arnoldporter.com

SONIA K. PFAFFENROTH (SBN 223984)
MATTHEW WOLF (*pro hac vice*)
MICHAEL BERNSTEIN (*pro hac vice*)
KOLYA D. GLICK (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**

# Arnold & Porter

March 7, 2024
Page 6

        601 Massachusetts Ave., N.W.
Washington, DC 20001
Telephone: (202) 942-5000
Fax: (202) 942-5999
Sonia.Pfaffenroth@arnoldporter.com
Matthew.Wolf@arnoldporter.com
Michael.Bernstein@arnoldporter.com
Kolya.Glick@arnoldporter.com

*Attorneys for Defendant*
THE KROGER CO.

By: /s/ *Edward D. Hassi*
JOHN (JAY) NEUKOM (SBN 275887)
**DEBEVOISE & PLIMPTON LLP**
650 California Street
San Francisco, CA 94108
Telephone: (415) 738-5700
jneukom@debevoise.com

EDWARD D. HASSI (*pro hac vice*)
LEAH S. MARTIN (*pro hac vice*)
**DEBEVOISE & PLIMPTON LLP**
801 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 383-8000
thassi@debevoise.com
lmartin@debevoise.com

SHANNON R. SELDEN (*pro hac vice*)
J. ROBERT ABRAHAM (*pro hac vice*)
**DEBEVOISE & PLIMPTON LLP**
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000
srselden@debevoise.com
jrabraham@debevoise.com

*Attorneys for Defendant*
ALBERTSONS COMPANIES, INC.

**Arnold & Porter**

March 7, 2024
Page 7

### SIGNATURE ATTESTATION

I, Daniel B. Asimow, am the ECF user whose user ID and password are being utilized to electronically file this **DEFENDANTS' LETTER BRIEF IN RESPONSE TO THE COURT'S MARCH 4, 2024 MINUTE ORDER**.  Pursuant to Local Rule 5-1(i)(3), I hereby attest that the other signatories have concurred in this filing.

Dated: March 7, 2024                **ARNOLD & PORTER KAYE SCHOLER LLP**

By:  /s/ *Daniel B. Asimow*
DANIEL B. ASIMOW

*Attorney for Defendant*
THE KROGER CO.