DANIEL B. ASIMOW (SBN 165661)
Daniel.Asimow@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3100
Fax: (415) 471-3400

SONIA K. PFAFFENROTH (SBN 223984)
MATTHEW WOLF (*pro hac vice*)
MICHAEL BERNSTEIN (*pro hac vice*)
KOLYA D. GLICK (*pro hac vice*)
Sonia.Pfaffenroth@arnoldporter.com
Matthew.Wolf@arnoldporter.com
Michael.Bernstein@arnoldporter.com
Kolya.Glick@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave., N.W.
Washington, DC 20001
Telephone: (202) 942-5000
Fax: (202) 942-5999

Attorneys for Defendant THE KROGER CO.

JOHN (JAY) NEUKOM (SBN 275887)
jneukom@debevoise.com
**DEBEVOISE & PLIMPTON LLP**
650 California Street
San Francisco, CA 94108
Telephone: (415) 738-5700

EDWARD D. HASSI (*pro hac vice*)
LEAH S. MARTIN (*pro hac vice*)
thassi@debevoise.com
lmartin@debevoise.com
**DEBEVOISE & PLIMPTON LLP**
801 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 383-8000

SHANNON R. SELDEN (*pro hac vice*)
J. ROBERT ABRAHAM (*pro hac vice*)
srselden@debevoise.com
jrabraham@debevoise.com
**DEBEVOISE & PLIMPTON LLP**
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000

Attorneys for Defendant ALBERTSONS COMPANIES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE WHALEN, *et al.*,<br><br>   Plaintiffs,<br><br> v.<br><br>THE KROGER CO., ALBERTSONS COMPANIES, INC., and CERBERUS CAPITAL MANAGEMENT, L.P.,<br><br>   Defendants. | Case No. 3:23-cv-00459-VC<br><br>**OPPOSITION OF DEFENDANTS THE KROGER CO. AND ALBERTSONS COMPANIES, INC. TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO LIFT STAY OR, IN THE ALTERNATIVE, ENTER JUDGMENT FOR PLAINTIFFS**<br><br>Hon. Vince Chhabria<br><br>Date: January 16 and 23, 2025<br>Time: 10:00 a.m.<br>Courtroom: 4 – 17th Floor |

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................... 1

ISSUES TO BE DECIDED ...................................................................................................... 1

BACKGROUND ....................................................................................................................... 1

    I.    Procedural History ................................................................................................ 1

    II.    Plaintiffs' Second Amended Complaint ............................................................... 2

    III.    Recent Developments and Plaintiffs' Motions ..................................................... 4

LEGAL STANDARDS ............................................................................................................. 5

ARGUMENT ............................................................................................................................. 6

    I.    Plaintiffs' Claim Is Moot ...................................................................................... 7

    II.    Plaintiffs Lack Standing ....................................................................................... 7

    III.    Plaintiffs Are Not Entitled to Summary Judgment, Additional Discovery, or Judgment in Their Favor ..................................................................................... 8

        A.    Plaintiffs Are Not Entitled to Summary Judgment .................................. 8

        B.    Plaintiffs Are Not Entitled to Additional Discovery .............................. 10

        C.    Plaintiffs Are Not Entitled to Judgment in their Favor ........................... 10

CONCLUSION ....................................................................................................................... 11

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Autotel v. Nevada Bell Tel. Co.*,
   697 F.3d 846 (9th Cir. 2012) ................................................................................................... 9

*California v. Sutter Health Sys.*,
   130 F. Supp. 2d 1109 (N.D. Cal. 2001) ................................................................................... 9

*Cnty. of Tuolumne v. Sonora Cmty. Hosp.*,
   236 F.3d 1148 (9th Cir. 2001) .............................................................................................. 6, 8

*Demartini v. Microsoft Corp.*,
   662 F. Supp. 3d 1055 (N.D. Cal. 2023) ................................................................................... 9

*FTC v. H.J. Heinz Co.*,
   164 F. Supp. 2d 659 (D.D.C. 2001) ......................................................................................... 7

*Laub v. United States Dep't of Interior*,
   342 F.3d 1080 (9th Cir. 2003) ............................................................................................ 6, 10

*Locke v. Astrue*,
   No. C 08–1608 JF (HRL), 2009 WL 1312872 (N.D. Cal. May 12, 2009) .............................. 6

*Preiser v. Newkirk*,
   422 U.S. 395 (1975) ................................................................................................................. 7

*Qiu v. Scott Cnty. Sch.*,
   No. 5:21-CV-00197-GFVT, 2022 WL 1462758 (E.D. Ky. May 9, 2022) .............................. 6

*Qualls v. Blue Cross of California, Inc.*,
   22 F.3d 839 (9th Cir. 1994) ................................................................................................ 6, 10

*Ruvalcaba v. City of L.A.*,
   167 F.3d 514 (9th Cir. 1999) ................................................................................................... 7

*Sea-Land Serv., Inc. v. Int'l Longshoremen's & Warehousemen's Union*,
   939 F.2d 866 (9th Cir. 1991) ................................................................................................... 7

*Tanaka v. Univ. of S. Cal.*,
   252 F.3d 1059 (9th Cir. 2001) .............................................................................................. 8, 9

*United States v. Mercy Health Servs.*,
   107 F.3d 632 (8th Cir. 1997) ................................................................................................... 7

*Wilbur v. Locke*,
   423 F.3d 1101 (9th Cir. 2005) ................................................................................................. 6

*Wilk v. Neven*,
   956 F.3d 1143 (9th Cir. 2020) .............................................................................................. 5, 9

**INTRODUCTION**

The Court should deny Plaintiffs' motion for summary judgment (ECF No. 144) and motion to lift the stay (ECF No. 143) (together, the "Motions") except as necessary to dismiss Plaintiffs' claim. As explained in Defendants' parallel Renewed Motion to Dismiss the Second Amended Complaint ("Renewed Motion to Dismiss"), the proposed merger between Kroger and Albertsons has been enjoined and abandoned, and Plaintiffs' claim is now moot. Plaintiffs are not entitled to any type of judgment on their claim: they have not established that they have standing, much less the predicate elements of an antitrust claim. And they are not entitled to additional discovery: in the two years since they first filed suit, Plaintiffs have done nothing to advance their claim, despite having had access to millions of documents produced by Kroger and Albertsons for over a year. Accordingly, the Court should lift the stay solely to dismiss Plaintiffs' Second Amended Complaint ("SAC") with prejudice, as requested in Defendants' Renewed Motion to Dismiss.

**ISSUES TO BE DECIDED**

The issues to be decided are whether the Court should grant summary judgment or enter judgment in Plaintiffs' favor where the merger that Plaintiffs seek to enjoin has been abandoned and Plaintiffs' claims are thus moot, and where Plaintiffs have not established standing or the predicate elements of an antitrust claim challenging the abandoned merger.

**BACKGROUND**

I.  **PROCEDURAL HISTORY**

On October 13, 2022, Kroger signed an agreement to purchase Albertsons. SAC ¶ 198. Four months later, on January 31, 2023, Plaintiffs brought this case, asking the Court to enjoin Kroger and Albertsons' proposed merger and enjoin (or order disgorgement of) a special dividend that Albertsons had already paid to its shareholders. ECF No. 1; *see* ECF No. 42-5. On August 2, 2023, the Court dismissed Plaintiffs' Complaint for lack of standing and denied Plaintiffs' Motion for Preliminary Injunction. ECF No. 91 ("1st MTD Order") at 1.

On October 2, 2023, Plaintiffs filed an Amended Complaint. ECF No. 93. On December 20, 2023, the Court dismissed the Amended Complaint, this time dismissing the claims against Cerberus

with prejudice. ECF No. 120 ("2d MTD Order") at 3-4. As to the claims against Kroger and Albertsons, the Court held that "plaintiffs have again failed to provide enough information about their own situations to adequately allege that they are likely to suffer an injury from the proposed merger," and that they therefore lacked Article III standing. *Id.* at 1. Given that Plaintiffs had already "been given one chance to fix the defects in their jurisdictional allegations," and given that "there continue[d] to be many shortcomings in the allegations relating to the merits," this Court stated that "dismissal without leave to amend could well be appropriate at this point." *Id.* at 3. "[I]n an abundance of caution," however, this Court granted leave to amend. *Id.*

Despite Plaintiffs' failure to state a claim, Defendants produced voluminous discovery to Plaintiffs. On July 25, 2023, Defendants produced to Plaintiffs the Hart-Scott-Rodino filings submitted to the Federal Trade Commission ("FTC") in conjunction with the proposed merger. *See* Status Conf. Hr'g Tr. at 5-6 (Oct. 27, 2023). On October 27, 2023, the Court ordered Defendants to produce the "Second Request" submissions produced to the FTC in order to eliminate a procedural roadblock to adjudicating a potential, future expedited motion, *id.* at 7-8; ECF No. 103. Defendants produced these submissions to Plaintiffs on November 15, 2023, Exs. G & H (Kroger and ACI production letters to plaintiffs). The Second Request productions contained millions of Kroger and Albertsons documents and hundreds of pages of detailed narrative responses responding to the FTC's Second Request. *See* Ex. G at 2; Ex. H at 1. Further, Defendants voluntarily provided Plaintiffs with information about proposed store divestitures within 20 miles of the cities where Plaintiffs live. *See* Status Conf. Hr'g Tr. at 9-10 (Oct. 27, 2023).

## II. PLAINTIFFS' SECOND AMENDED COMPLAINT

On January 10, 2024, Plaintiffs filed their Second Amended Complaint ("SAC"), largely repeating the allegations of their prior, dismissed complaints, citing none of the millions of documents produced by Defendants to Plaintiffs in November 2023, and making no effort to address the proposed divestiture. ECF No. 121. While the 24 individual Plaintiffs each added a few individualized factual allegations about their grocery store options, Plaintiffs' basic allegation for establishing standing continues to be that they "made purchases at the Defendants' stores within the last four years." SAC ¶ 51. Plaintiffs do not all live in states, much less cities or neighborhoods, that have both Albertsons

and Kroger stores. At least 18 Plaintiffs live in cities in which Kroger and Albertsons do *not* both own stores; and at least seven of these Plaintiffs live in cities in which neither Kroger nor Albertsons has a store. *Compare id.* ¶ 51 (Plaintiffs' residences), *with id.* ¶¶ 54, 57 (maps of Defendants' stores).

Like the Complaint and Amended Complaint, the SAC offers barebones allegations to try to plead a prima facie antitrust case. As to market definition, Plaintiffs allege that the relevant product market is "supermarkets," which includes grocery chains like Kroger and Albertsons but excludes "big-box general retail stores," including Walmart, Target, Sam's Club, and Costco. Plaintiffs allege that "[t]he entire United States is a relevant geographic market" and identify seven "local geographic markets" where they contend competition will be harmed: the core-based statistical areas ("CBSAs") for Seattle, Reno, Tucson, Colorado Springs, Dallas, and Fairbanks, and the city of Snoqualmie, Washington. *Id.* ¶¶ 79, 110. Neither the SAC nor Plaintiffs' Motions provide facts establishing that this narrow product market or these alleged geographic markets are properly defined relevant markets.

As to competitive effects, Plaintiffs offer purported market-share and/or concentration metrics for their national market and in each of their alleged "local geographic markets." Plaintiffs' national market share statistics rely on 2019 data and sources that contradict their product market. *See id.* ¶ 16, 101-103. Plaintiffs also allege that the acquisition "'may' be presumptively illegal" in five of their CBSA "markets" based on the increase in market concentration in these areas. *Id.* ¶¶ 115, 120, 123, 128, 134. The SAC offers no other facts supporting Plaintiffs' competitive effects allegations, apart from bald assertions that the merger will substantially lessen competition.

Plaintiffs' SAC continues to seek a litany of remedies, including, *inter alia*, an injunction against the merger, an injunction against or disgorgement of a special dividend Albertsons issued in January 2023, and a prohibition on any "termination fee" related to the proposed acquisition. *Id.*, Prayer ¶¶ A, C, D, E.

On January 31, 2024, Defendants moved to dismiss the SAC for lack of standing and on the merits. ECF No. 123 ("1st SAC MTD"). The parties fully briefed that motion to dismiss. ECF Nos. 123, 126, and 130.

In February 2024, the FTC (along with eight state attorneys general), the State of Washington, and the State of Colorado each separately filed lawsuits to block the proposed merger in federal

district court in Oregon and state courts in Washington and Colorado, respectively. *See* ECF Nos. 124-1, 127-1, and 132-1. In response to those suits, the Court ordered the parties to file letter briefs explaining how the FTC's action should impact the scheduling in this case. ECF No. 134. On March 11, 2024, upon consideration of the parties' briefs, the Court issued the following stay order:

> For the reasons stated in the defendants' letter brief, this case is stayed at least until one of the following things occurs in the Oregon case: (1) the district court issues a ruling on the FTC's request for a preliminary injunction; or (2) the FTC and its co-plaintiffs abandon the request for a preliminary injunction. If the district court denies the request for a preliminary injunction, or if the FTC and its co-plaintiffs abandon the request for a preliminary injunction, the plaintiffs in this case may file a motion to lift the stay (and, if necessary, a concurrent motion for emergency relief). The [ECF No. 123] Motion to Dismiss is denied without prejudice to refiling it after the stay is lifted.

ECF No. 138.

### III.   RECENT DEVELOPMENTS AND PLAINTIFFS' MOTIONS

On December 10, 2024, two courts issued decisions blocking the proposed merger: the federal district court in Oregon granted the FTC's request for a preliminary injunction, and the Washington state court granted the State of Washington's request for a permanent injunction. Opinion and Order, *FTC v. Kroger Co.*, No. 3:24-cv-00347 (D. Or. Dec. 10, 2024), ECF No. 521; Findings of Fact and Conclusions of Law, *Washington v. Kroger Co.*, No. 24-2-00977-9 (Wash. Super. Ct. Dec. 10, 2024).

Within a day after these decisions were issued, Defendants served each other with notices terminating their merger agreement. *See* SEC Form 8-K, Albertsons Companies, Inc. (Dec. 10, 2024), https://bit.ly/4fhkYEh (Ex. D); SEC Form 8-K, The Kroger Co. (Dec. 11, 2024), https://bit.ly/3BtFq6Y (Ex. E).

On December 11, 2024, Plaintiffs filed a six-page motion to lift the stay on this case, to allow discovery, and to set a trial date. ECF No. 143 ("Mot. to Lift Stay"). Plaintiffs argue that they need discovery because they (inaccurately) claim they have obtained only limited discovery to date and "Defendants refused any disclosures until the Court ruled on their motion to dismiss." *Id.* at 4. Alternatively, if Defendants abandon their transaction (which they have), Plaintiffs request that the Court permanently enjoin the transaction and enter judgment in their favor. *Id.* at 6. Plaintiffs claim they need a permanent injunction because the FTC "could easily change its mind" about the merits of the transaction. *Id.* at 5. Plaintiffs also suggest that if "Defendants abandon the acquisition as a

result of the preliminary injunction in Oregon," Plaintiffs are somehow entitled to judgment in their favor in this case, including a "finding that they have substantially prevailed." *Id.* at 6.

On December 13, 2024, Defendants withdrew their Hart-Scott-Rodino filings with the FTC, effective December 12, 2024, which formally removed their proposed merger from the regulatory approval process. Exs. A & B. Thereafter, the FTC and Defendants jointly moved to dismiss the administrative complaint pending before the FTC. Ex. C.

On December 13, without first conferring with Defendants or waiting for the Court to rule on their Motion to Lift the Stay, Plaintiffs filed an eight-page motion for summary judgment. ECF No. 144 ("MSJ"). As evidence in support of the motion, Plaintiffs attached an FTC press release issued after the Oregon court granted a preliminary injunction, as well as Kroger and Albertsons press releases related to the termination of their merger agreement. *Id.* at 3-5. Plaintiffs admit that "[t]he termination of the acquisition agreement is now an undisputed fact." *Id.* at 4. Plaintiffs reference the Oregon and Washington rulings, but they cite only five paragraphs from the Washington decision (which addressed only competition in the markets in Washington alleged in that case) and none from the Oregon decision. *Id.* at 5-7.[1] Plaintiffs make no attempt to tie or relate the findings or conclusions in those cases to their claim in this case.[2]

## LEGAL STANDARDS

Summary judgment is appropriate only "when, with the evidence viewed in the light most favorable to the non-moving party, there are no genuine issues of material fact, so that the moving party is entitled to judgment as a matter of law." *Wilk v. Neven*, 956 F.3d 1143, 1147 (9th Cir. 2020) (citation omitted). In antitrust cases, there is no genuine issue for trial only "[w]here the record taken

---

[1] Plaintiffs' summary judgment motion states that Plaintiffs submitted the Oregon and Washington opinions as "evidence in support of their motion," but the opinions were not attached to Plaintiffs' motion. In any event, these opinions were issued based on the evidence and markets alleged in the Oregon and Washington cases, which differ markedly from the complete absence of evidence and the facially implausible relevant markets that Plaintiffs allege here. Those opinions are not "evidence" in support of summary judgment. Nor are they binding on this Court as they involved different jurisdictions, different plaintiffs, different records, and different alleged markets.

[2] On December 20, 2024, Plaintiffs filed a "supplemental" brief in support of their motion for summary judgment, without seeking leave of the court. ECF No. 146. Plaintiffs' supplemental filing acknowledges that Albertsons sued Kroger in Delaware Chancery Court following the termination of the merger agreement. *See* ECF No. 146-1.

as a whole could not lead a rational trier of fact to find for the non-moving party." *Cnty. of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Courts have "broad discretion to permit or deny discovery, and a decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant." *Laub v. United States Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (quotation marks and citation omitted). A district court is found to have abused its discretion in denying discovery only "if the movant diligently pursued its *previous* discovery opportunities, and if the movant can show how allowing *additional* discovery would have precluded summary judgment." *Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994).

Summary judgment motions are typically not considered while a motion to dismiss is pending and when defendants have not yet answered the complaint, as is the case here. *See Qiu v. Scott Cnty. Sch.*, No. 5:21-CV-00197, 2022 WL 1462758, at *3 (E.D. Ky. May 9, 2022). Moreover, a court must address jurisdictional issues raised in a motion to dismiss before it has authority to reach any substantive issues. *See Wilbur v. Locke*, 423 F.3d 1101, 1105 (9th Cir. 2005); *Locke v. Astrue*, No. 08-CV-1608, 2009 WL 1312872, at *2 (N.D. Cal. May 12, 2009).

## ARGUMENT

Plaintiffs' Motions and their claim are moot due to the termination of Defendants' merger agreement, and this Court can and should resolve this case with finality by granting Defendants' concurrently filed Renewed Motion to Dismiss. Even if their claim were not moot, however, Plaintiffs would not be entitled to summary judgment or judgment in their favor: they continue to lack standing and they have not established an antitrust claim, having failed to plead a plausible relevant market or likely anticompetitive effects in any such market—much less show that there are no disputed genuine issues of material fact *as to the Plaintiffs in this case*. The proper remedy at this stage is dismissal of Plaintiffs' claim, not summary judgment or entry of judgment in Plaintiffs' favor. The Court should deny Plaintiffs' motion for summary judgment and grant their motion to lift the stay only for the purpose of dismissing their claim with prejudice as moot.

## I. PLAINTIFFS' CLAIM IS MOOT

As explained in Defendants' Renewed Motion to Dismiss, Plaintiffs' claim is moot because Kroger and Albertsons have terminated their merger agreement and abandoned their proposed merger. Courts routinely dismiss merger challenges as moot when the transaction being challenged is either enjoined or abandoned (or both). *See, e.g.*, *FTC v. H.J. Heinz Co.*, 164 F. Supp. 2d 659, 660 (D.D.C. 2001); *United States v. Mercy Health Servs.*, 107 F.3d 632, 636 (8th Cir. 1997).

Mootness is a threshold jurisdictional issue, *Sea-Land Serv., Inc. v. Int'l Longshoremen's & Warehousemen's Union*, 939 F.2d 866, 870 (9th Cir. 1991); if Plaintiffs' claim is moot, the Court lacks jurisdiction over this matter. A federal court's exercise of judicial power "depends on the existence of a case or controversy," *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975), but where the parties to a proposed merger abandon that transaction, a suit to enjoin that merger "no longer constitutes a live case or controversy." *Mercy Health Servs.*, 107 F.3d at 635. If there is no longer a possibility that Plaintiffs can obtain relief for their claim, "that claim is moot and must be dismissed for lack of jurisdiction." *Ruvalcaba v. City of L.A.*, 167 F.3d 514, 521 (9th Cir. 1999).

Given Defendants' abandonment of the merger, Plaintiffs' claim no longer constitutes a live case or controversy. Accordingly, the proper resolution of Plaintiffs' claim is to dismiss it for mootness, not to enter a permanent injunction and judgment in Plaintiffs' favor.

## II. PLAINTIFFS LACK STANDING

Plaintiffs also continue to lack Article III standing. The Court dismissed Plaintiffs' Complaint and Amended Complaint for lack of standing, and the new allegations added to the SAC do not sufficiently allege—much less prove as a matter of undisputed fact—that Plaintiffs have standing. Plaintiffs' Motions similarly offer no evidence supporting Plaintiffs' standing. As explained in Defendants' Renewed Motion to Dismiss, the Court should dismiss the SAC for lack of standing. Plaintiffs' lack of standing also guts any argument that they are entitled to summary judgment, additional discovery, or entry of judgment in their favor.

### III. PLAINTIFFS ARE NOT ENTITLED TO SUMMARY JUDGMENT, ADDITIONAL DISCOVERY, OR JUDGMENT IN THEIR FAVOR

Plaintiffs' Motions offer little to no argument in support of their requests for summary judgment, additional discovery, and entry of judgment in their favor. Even setting aside the mootness of Plaintiffs' claim and Plaintiffs' lack of standing, these requests are improper and meritless. The Court should deny them all.

#### A. Plaintiffs Are Not Entitled to Summary Judgment

The SAC fails to state a plausible claim under the Clayton Act and Plaintiffs have introduced no evidence through their Motions or any other means establishing that they are entitled to summary judgment. *Cnty. of Tuolumne*, 236 F.3d at 1154. In the two years since filing suit, Plaintiffs have done virtually no factual development to support their claim. Despite having had access to millions of Kroger and Albertsons documents for over a year, Plaintiffs' summary judgment motion cites none of them. Instead, Plaintiffs cross-reference the parallel rulings in the Oregon and Washington courts in an attempt to piggyback on those courts' rulings to obtain a favorable judgment here. But the markets at issue in those cases were different than the markets alleged here, and the parallel courts' rulings do not eliminate Plaintiffs' burden to establish likely harm *to them*, to define relevant markets applicable to *this case*, or to establish that anticompetitive effects are likely in *those* markets.

As explained in detail in Defendants' original Motion to Dismiss the SAC, ECF Nos. 123, 130, which Defendants incorporate by reference, Plaintiffs failed to allege a plausible relevant market or anticompetitive effects in any such market. To take geographic market as an example: Plaintiffs' allegation that "[t]he relevant geographic market is the entire United States," SAC ¶ 29, is facially implausible. A relevant geographic market is the "area of effective competition" to which consumers can "turn for alternative sources of supply" (here, alleged to be "supermarkets," *id.* ¶ 72) in response to small price changes, *Tanaka v. Univ. of S. Cal.*, 252 F.3d 1059, 1063 (9th Cir. 2001) (citation omitted). A nationwide supermarkets market absurdly implies that consumers might fly from San Francisco to Miami for their weekly grocery shopping. *See* SAC ¶¶ 29, 79-80.

Plaintiffs' suggestion that six CBSAs and the city of Snoqualmie may constitute "smaller local relevant geographic markets," SAC ¶ 80, is similarly unsupported by the record. A CBSA-level geographic market would require an inference that consumers traverse a major metropolitan area to

buy their groceries. *See id.* ¶ 110. Nothing in the record supports that inference. Moreover, Snoqualmie is a city in which no Plaintiff lives or works, *id.* ¶ 51, and the SAC's support for this "market" consists of basic, inaccurate facts about the number and concentration of grocery stores in the city, *id.* ¶ 117; *see* 1st SAC MTD at 11-12. Merely listing the stores in Snoqualmie does not establish what the "area of effective competition" is in this part of Washington.

The rulings in the parallel Oregon and Washington actions do not support Plaintiffs' alleged geographic markets because plaintiffs in those proceedings alleged different geographic markets than those alleged by Plaintiffs here. *Compare* Opinion & Order at 22-23, *Fed. Trade Comm'n v. The Kroger Co.*, No. 3:24-cv-00347-AN (D. Or. Dec. 10, 2024), ECF No. 521; Findings of Fact and Conclusions of Law at 25-27, *Washington v. The Kroger Co.*, No. 24-2-00977-9 (Wash. Super. Ct. Dec. 17, 2024), *with* SAC ¶¶ 79, 110. If anything, the fact that the Oregon and Washington courts generally found local geographic markets—narrower than the markets proposed by Plaintiffs—undermines Plaintiffs' proposed markets.[3]

Plaintiffs' failure to define a relevant market does not entitle them summary judgment; it requires that their claim be dismissed. *See, e.g.*, *Tanaka*, 252 F.3d at 1063; *California v. Sutter Health Sys.*, 130 F. Supp. 2d 1109, 1118 (N.D. Cal. 2001). Similarly, without defining a relevant market, Plaintiffs cannot establish harm in any such market. Market concentration statistics in unsupported markets are meaningless.[4] *See Demartini v. Microsoft Corp.*, 662 F. Supp. 3d 1055, 1065 (N.D. Cal. 2023). Even with their handwaving at the rulings in the parallel cases, Plaintiffs make no attempt to connect the findings and conclusions in those cases to their claim here. The record in this case does not establish that—or eliminate any genuine issue of material fact as to whether—the now-abandoned merger is likely to harm competition in any of Plaintiffs' alleged markets. *See Wilk*, 956 F.3d at 1147.

---

[3] Plaintiffs do not invoke non-mutual offensive issue preclusion or collateral estoppel. Nor do they otherwise make any effort to explain why the rulings in Washington and Oregon should have any effect on this case. They have therefore waived any such argument. *See Autotel v. Nevada Bell Tel. Co.*, 697 F.3d 846, 852 n.3 (9th Cir. 2012) ("[A]rguments raised for the first time in a reply brief are waived." (quotation marks and citation omitted)).

[4] For Snoqualmie, Plaintiffs offer only a crude "store concentration" number based on a flawed store count. SAC ¶ 117.

In sum, Plaintiffs have done nothing to establish that they are entitled to judgment as a matter of law. Even setting aside the dispositive mootness and standing issues, the SAC fails on the merits as described above, in Defendants' Renewed Motion to Dismiss, and in Defendants' original Motion to Dismiss the SAC. ECF Nos. 123, 130. Accordingly, the Court should dismiss the SAC, not grant Plaintiffs summary judgment.

### B.  Plaintiffs Are Not Entitled to Additional Discovery

Plaintiffs received millions of documents from Defendants over a year ago, at considerable expense to Defendants, and made no attempt to use those materials to support their claim. Plaintiffs' assertion that Defendants categorically refused to provide discovery is demonstrably false. Mot. to Lift Stay at 4; *see* Exs. G & H. And their plea for additional discovery rings hollow given their total failure to "diligently pursue" the previous discovery readily available to them. *Qualls*, 22 F.3d at 844. Plaintiffs will not be prejudiced if there is no additional discovery: Plaintiffs have had millions of documents for over a year and chose not to use any of them in support of their summary judgment motion, relying instead on the same conclusory assertions that they have advanced throughout their pleadings in this case in support of a purported claim that is now moot. The Court should deny Plaintiffs' baseless request for additional discovery. *Laub*, 342 F.3d at 1084, 1093.

### C.  Plaintiffs Are Not Entitled to Judgment in their Favor

Finally, the Court should reject Plaintiffs' alternative request for judgment in their favor. Contrary to Plaintiffs' request that the Court find that they "substantially prevailed" in this litigation, Mot. to Lift Stay at 6, Plaintiffs lost virtually every dispute in this case. This Court dismissed their initial complaint and denied their motion for a preliminary injunction, 1st MTD Order at 1-2; it dismissed their first amended complaint, 2d MTD Order at 1; and it rejected Plaintiffs' repeated oral motions for additional discovery, *see, e.g.*, Hr'g Tr. at 5-6 (Dec. 14, 2023).

Plaintiffs wrongly suggest they are entitled to judgment here if Defendants abandoned their transaction because of the Oregon court's ruling. Mot. to Lift Stay at 6. Plaintiffs' lawsuit had no impact on Defendants' decision to abandon their merger. Plaintiffs are not entitled to a judgment here based on the ruling of another court dealing with a different factual record related to different alleged relevant markets.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motions should be denied except that the stay should be lifted only as necessary to dismiss Plaintiffs' SAC with prejudice.

| | | |
|---|---|---|
| Dated: December 24, 2024 | By: | /s/ Daniel B. Asimow |

        DANIEL B. ASIMOW
        **ARNOLD & PORTER KAYE SCHOLER LLP**
        Three Embarcadero Center, 10th Floor
        San Francisco, CA 94111
        Telephone: (415) 471-3100
        Fax: (415) 471-3400
        Daniel.Asimow@arnoldporter.com

        SONIA K. PFAFFENROTH (SBN 223984)
        MATTHEW WOLF (*pro hac vice*)
        MICHAEL BERNSTEIN (*pro hac vice*)
        KOLYA D. GLICK (*pro hac vice*)
        **ARNOLD & PORTER KAYE SCHOLER LLP**
        601 Massachusetts Ave., N.W.
        Washington, DC 20001
        Telephone: (202) 942-5000
        Fax: (202) 942-5999
        Sonia.Pfaffenroth@arnoldporter.com
        Matthew.Wolf@arnoldporter.com
        Michael.Bernstein@arnoldporter.com
        Kolya.Glick@arnoldporter.com

        *Attorneys for Defendant*
        THE KROGER CO.

/s/ *Edward D. Hassi*
EDWARD D. HASSI (*pro hac vice*)

JOHN (JAY) NEUKOM (SBN 275887)
**DEBEVOISE & PLIMPTON LLP**
650 California Street
San Francisco, CA 94108
Telephone: (415) 738-5700
jneukom@debevoise.com

EDWARD D. HASSI (*pro hac vice*)
LEAH S. MARTIN (*pro hac vice*)
**DEBEVOISE & PLIMPTON LLP**
801 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 383-8000
thassi@debevoise.com
lmartin@debevoise.com

SHANNON R. SELDEN (*pro hac vice*)
J. ROBERT ABRAHAM (*pro hac vice*)
**DEBEVOISE & PLIMPTON LLP**
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000
srselden@debevoise.com
jrabraham@debevoise.com

*Attorneys for Defendant*
ALBERTSONS COMPANIES, INC.

## SIGNATURE ATTESTATION

I, Daniel B. Asimow, am the ECF user whose user ID and password are being utilized to electronically file this OPPOSITION OF DEFENDANTS THE KROGER CO. AND ALBERTSONS COMPANIES, INC. TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO LIFT STAY OR, IN THE ALTERNATIVE, ENTER JUDGMENT FOR PLAINTIFFS. Pursuant to Local Rule 5-1(i)(3), I hereby attest that the other signatories have concurred in this filing.

Dated: December 24, 2024

                                            /s/ *Daniel B. Asimow*
                                            Daniel B. Asimow