- i -

DANIEL B. ASIMOW (SBN 165661)
Daniel.Asimow@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3100
Fax: (415) 471-3400

SONIA K. PFAFFENROTH (SBN 223984)
MATTHEW WOLF (*pro hac vice*)
MICHAEL BERNSTEIN (*pro hac vice*)
KOLYA D. GLICK (*pro hac vice*)
Sonia.Pfaffenroth@arnoldporter.com
Matthew.Wolf@arnoldporter.com
Michael.Bernstein@arnoldporter.com
Kolya.Glick@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave., N.W.
Washington, DC 20001
Telephone: (202) 942-5000
Fax: (202) 942-5999

Attorneys for Defendant THE KROGER CO.

JOHN (JAY) NEUKOM (SBN 275887)
jneukom@debevoise.com
**DEBEVOISE & PLIMPTON LLP**
650 California Street
San Francisco, CA 94108
Telephone: (415) 738-5700

EDWARD D. HASSI (*pro hac vice*)
LEAH S. MARTIN (*pro hac vice*)
thassi@debevoise.com
lmartin@debevoise.com
**DEBEVOISE & PLIMPTON LLP**
801 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 383-8000

SHANNON R. SELDEN (*pro hac vice*)
J. ROBERT ABRAHAM (*pro hac vice*)
srselden@debevoise.com
jrabraham@debevoise.com
**DEBEVOISE & PLIMPTON LLP**
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000

Attorneys for Defendant ALBERTSONS COMPANIES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE WHALEN, *et al.*,<br><br>            Plaintiffs,<br><br>    v.<br><br>THE KROGER CO., ALBERTSONS COMPANIES, INC., and CERBERUS CAPITAL MANAGEMENT, L.P.,<br><br>            Defendants. | Case No. 3:23-cv-00459-VC<br><br>**DEFENDANTS THE KROGER CO. AND ALBERTSONS COMPANIES, INC. REPLY IN SUPPORT OF RENEWED MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Hon. Vince Chhabria<br><br>Date: January 30, 2025<br>Time: 10:00 a.m.<br>Courtroom: 4 – 17th Floor |

- ii -

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................................1

ARGUMENT ...................................................................................................................................3

    I.    THE SAC SHOULD BE DISMISSED AS MOOT..................................................3

    II.    REGARDLESS OF MOOTNESS, THIS COURT SHOULD DISMISS THE SAC .................................................................................................................6

        A.    Plaintiffs Lack Standing................................................................................6

        B.    Plaintiffs Fail to State a Claim ......................................................................8

    III.    PLAINTIFFS HAVE NOT SUBSTANTIALLY PREVAILED AND ARE NOT ENTITLED TO FEES OR COSTS .......................................................9

CONCLUSION ..............................................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arcell v. JetBlue Airways Corp.*,
No. 23-1897, 2024 WL 1878171 (1st Cir. Apr. 29, 2024) ....................................................1, 4

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Servs.*,
532 U.S. 598 (2001) ...............................................................................................................10

*California v. American Stores Co.*,
697 F. Supp. 1125 (C.D. Cal. 1998) ........................................................................................8

*Coastal Env't Rts. Found. v. Naples Rest. Grp., LLC*,
115 F.4th 1217 (9th Cir. 2024) ..........................................................................................1, 10

*Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc.*,
602 F.3d 237 (3d Cir. 2010) ............................................................................................4, 5, 6

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992) .................................................................................................................6

*O'Bannon v. Nat'l Collegiate Athletic Ass'n*,
739 F. App'x 890 (9th Cir. 2018) ............................................................................................9

*Sam Fox Publ'g Co. v. U.S.*,
366 U.S. 683 (1961) .........................................................................................................4, 5, 6

*Senn v. Smith*,
35 F.4th 1223 (9th Cir. 2022) ..................................................................................................9

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016) .......................................................................................................2, 7, 8

*State of Colorado v. The Kroger Co.*,
No. 2024CV30459 (Colo. Dist. Jan. 8, 2025) ..........................................................................3

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) .................................................................................................................7

*United States v. Borden*,
347 U.S. 514 (1954) .............................................................................................................4, 5

*United States v. Mercy Health Servs.*,
107 F.3d 632 (8th Cir. 1997) ...................................................................................................6

**Statutes**

15 U.S.C. § 26....................................................................................................................................9

**INTRODUCTION**

Plaintiffs' Opposition ("Opp.") to Defendants' Renewed Motion to Dismiss the Second Amended Complaint ("Mot.") is nonresponsive and full of inaccuracies. Plaintiffs' attempt to cast Defendants' Motion as a motion for "reconsideration" ignores that this Court denied Defendants' original Motion to Dismiss the Second Amended Complaint ("SAC") "without prejudice" to Defendants refiling their motion after a ruling in the FTC's parallel case in Oregon. ECF No. 138. Most importantly, Plaintiffs' Opposition fails to rebut Defendants' Motion, which this Court should grant with prejudice.

**Mootness**. The merger that Plaintiffs challenge has been enjoined, abandoned, and withdrawn from the regulatory approval process. Plaintiffs' Opposition fails to actually grapple with those facts, suggesting that an injunction is still necessary to prevent the merger from occurring. That outcome is already certain: the merger will not and cannot occur. *See* Mot. 7. An injunction will not change the status quo and would provide no relief that has not already been obtained by government plaintiffs in parallel proceedings. Plaintiffs' claim is therefore moot and this Court lacks jurisdiction because there is no longer a case or controversy to adjudicate.

Plaintiffs' response to Defendants' mootness arguments is a naked effort to scavenge attorneys' fees here based on the FTC and Washington prevailing in their parallel lawsuits. Opp. 3. But Plaintiffs' attorneys' desire for fees constitutes neither a "case or controversy" nor an injury to Plaintiffs. *Coastal Env't Rts. Found. v. Naples Rest. Grp., LLC*, 115 F.4th 1217, 1229 (9th Cir. 2024) ("attorneys' fees cannot resuscitate an otherwise-moot case"). Plaintiffs' Opposition tellingly does not even mention *Arcell v. JetBlue Airways Corp.*, No. 23-1897, 2024 WL 1878171 (1st Cir. Apr. 29, 2024), a case from last year deciding materially identical mootness arguments against the same Plaintiffs' counsel and some of the same individual Plaintiffs. Mot. 6-7. The rationale set forth in *Arcell* compels dismissal here too.

**Standing**. Plaintiffs' recognition that injury must be "imminent" to establish Constitutional standing, Opp. 4-5, eviscerates their standing arguments. The merger is dead: neither the merger nor any potential injury flowing from it is "imminent." Opp. 5. Plaintiffs' hyperbole about "impending injury," *id.*, is baseless bluster; it ignores the reality that the merger will not occur. Indeed, most of

Plaintiffs' standing and harm arguments are recycled wholesale from their opposition to Defendants' original Motion to Dismiss the SAC, which was briefed months before the merger was terminated. *Compare* Opp. 6-11, *with* Pls.' Opp. to Mot. to Dismiss SAC at 2-9, ECF No. 126.

Notwithstanding the Court's orders dismissing their prior complaints, ECF No. 91 ("1st MTD Order"); ECF No. 120 ("2d MTD Order"), Plaintiffs continue to assert that periodically shopping at Defendants' stores is sufficient to establish standing. Opp. 6-7. It is not. As Defendants have explained through three rounds of briefing, Plaintiffs' theory of injury is not *particularized* to their individual circumstances and would create a case or controversy between Defendants and every consumer nationwide that shopped at one of Defendants' stores in the past four years and who "may" do so in the future. SAC ¶¶ 51-52, ECF No. 121. To establish standing, Plaintiffs must allege actual and particularized harm *as to themselves*.

Thus, even ignoring the fact that there is no longer any merger to enjoin, the SAC—like the first two complaints—fails to allege facts that establish Plaintiffs' Article III standing. Mot. 7-10. Indeed, the Opposition does not cite—much less attempt to distinguish—the Supreme Court precedent Defendants cited in their Motion, *id.*, and upon which the Court relied in dismissing Plaintiffs' initial complaint. *See* 1st MTD Order at 1; *see, e.g.*, *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016).

**Merits**. Plaintiffs' Opposition does not rebut Defendants' arguments that Plaintiffs have not plausibly pled an antitrust claim. Without any substance to rely on, the Opposition resorts to a series of irrelevant and/or inaccurate assertions. *First*, Plaintiffs cite various allegations in Albertsons' suit against Kroger in Delaware, suggesting that they somehow support a newly invented Section 2 claim. Opp. 1. Those allegations are both baseless and appear nowhere in any of Plaintiffs' complaints. *Second*, Plaintiffs resurface factually incorrect, long-debunked arguments about Albertsons' special dividend for no apparent reason and to no effect. *Id. Third*, Plaintiffs attempt to shoehorn in factual findings from the Oregon and Washington cases to "corroborate" their allegations. Opp. 4-6. While Defendants disagree with those courts' conclusions, the Oregon and Washington decisions did not, as Plaintiffs falsely claim, "accept[] the same relevant markets alleged by the Plaintiffs." *Id.* at 4. As

explained below, the geographic markets alleged by Plaintiffs are completely unsupported by any parallel case challenging this merger.

**Plaintiffs' Bid for Fees**. Plaintiffs have done nothing to advance their claim or support the FTC or state attorney generals in their parallel merger challenges. Rather than "substantially prevailing," Plaintiffs have had two complaints dismissed and their motion for a preliminary injunction summarily denied. In denying Plaintiffs' motion for a preliminary injunction, the Court commented that it was "not sure [it had] ever seen such a weak presentation in a motion for preliminary injunction before." Hr'g Tr. at 17:1-5 (July 27, 2023); *see* 1st MTD Order at 2. Plaintiffs suggest that because two government challenges—not three, as Plaintiffs misrepresent, Opp. 1[1]—obtained injunctions against the merger, this Court should declare victory for Plaintiffs and grant them a windfall. Plaintiffs have not stated a claim or "substantially prevailed" in this litigation in any sense of the term; they are entitled to no relief and no fees or costs.

This Court should dismiss the SAC without any further proceedings.

## ARGUMENT

### I.   THE SAC SHOULD BE DISMISSED AS MOOT

Plaintiffs' mootness arguments fail to confront the reality that the proposed Kroger-Albertsons merger has been enjoined by two courts and terminated by Defendants. While Plaintiffs offer some baseless handwaving suggesting they still need an injunction because the merger could re-emerge, Pls.' Reply ISO Mot. for Summ. J. ("MSJ Reply") at 6, 8, ECF No. 150, they recognize that the merger agreement—the only agreement they challenge in this case—has been terminated. *Id.* at 6. Plaintiffs do not dispute that "[b]ecause the merger will not occur, any injunction that this Court might issue would have no legal or practical effect." Mot. 7. Instead, Plaintiffs assert their claim is moot only "when a plaintiff no longer has a personal stake in the outcome of the case." Opp. 3. That definition is invented out of whole cloth and unsupported by any citation. Without any pending

---

[1] The Oregon and Washington opinions were released on December 10, 2024 within two hours of each other. In the parallel Colorado case, where there was a full trial but no decision has issued, Defendants have moved to dismiss the count challenging the merger as moot. Motion to Dismiss, *State of Colorado v. The Kroger Co.*, No. 2024CV30459 (Colo. Dist. Jan. 8, 2025).

merger or any prospect of relief with legal effect, Plaintiffs' claim is moot and this Court lacks jurisdiction over this case. Mot. 7.

Plaintiffs' Opposition completely fails to address the mootness holding in *Arcell*, a similar case brought by the same Plaintiffs' counsel (and some of the same individual Plaintiffs) challenging another merger in parallel to a challenge brought by the federal government. There, the First Circuit found that the "case or controversy stemming from the specific merger attempt at issue is moot in light of the district court's entry of judgment enjoining the merger, the stipulated dismissal of the airlines' appeal of that injunction ruling, and the publicly announced abandonment of the merger." *Arcell*, 2024 WL 1878171, at *1 (granting motion to dismiss appeal for mootness). Plaintiffs' claim here is moot for the same reasons, and their failure to even reference *Arcell* speaks volumes.

Plaintiffs' three principal arguments as to why their claim is not moot are meritless. **First**, Plaintiffs argue their claim is not moot even though the injunctions in the parallel government actions provide the same relief that Plaintiffs seek because public and private actions can be "cumulative." MSJ Reply at 7. But while public and private cases can run in parallel, Plaintiffs' case can only continue if they identify actual or likely harm that is not already remedied by the injunction the government plaintiffs obtained. They failed to do that.

None of the three cases Plaintiffs rely on (*Borden*, *Sam Fox*, and *Dentsply*) support their argument that their claim is not moot even though the injunction they seek has already been granted by another court and they identify no harm that that injunction did not remedy. In *United States v. Borden*, the Supreme Court held that the federal government could seek to enjoin a merger where a private litigant had already received an injunction in a parallel case. 347 U.S. 514 (1954).[2] The Court reasoned that the Attorney General was "primarily charged by Congress" with enforcing the antitrust laws, so barring the federal government from proceeding would prevent it from ensuring "the continuing protection of the public." *Id.* at 518-19. That rationale does not work in reverse. Here, the private Plaintiffs are not "primarily charged by Congress" with enforcing the antitrust laws. Their

---

[2] Plaintiffs have repeatedly relied on *Borden* throughout this litigation, and this Court has already rejected Plaintiffs' overreading of that case in other contexts. *See* MTD Hr'g Tr. at 18:7-20:5 (July 27, 2023) (rejecting Plaintiffs' overreading of *Borden*'s import on ripeness).

interests are fully protected by the injunctions entered in Washington and Oregon. Further, *Borden* reiterated the requirement that private plaintiffs can obtain injunctive relief only upon showing "threatened loss or damage" personal to the plaintiffs. *Id.* at 518. Plaintiffs have made no showing of any threat to them now that the merger has been enjoined and abandoned. Finally, *Borden* reiterated the requirement that there must "exist[] some cognizable danger of recurrent violation." *Id.* at 520. No such danger exists where, as here, Defendants have publicly, contractually, and procedurally abandoned their merger.

*Sam Fox* and *Dentsply* also provide no support for Plaintiffs' argument. MSJ Reply at 7-8. *Sam Fox* is a Rule 24 intervention case. There, certain members of the American Society of Composers, Authors, and Publishers ("ASCAP") sought to intervene as of right in a proceeding in which the U.S. Department of Justice requested modifications to a consent decree with ASCAP because the government's modifications to the decree allegedly "did not go far enough." *Sam Fox Publ'g Co. v. United States*, 366 U.S. 683, 687 (1961). The Supreme Court ruled that the private plaintiffs could intervene by right only if the government's representation of their interests was "inadequate." *Id.* at 688. Here, Plaintiffs do not seek to intervene in any government-led suit, so *Sam Fox* is inapposite. In any event, the FTC's nationwide suit clearly adequately represented the interests of all individual consumers nationwide, including Plaintiffs.[3]

Similarly, in *Dentsply*, the Third Circuit suggested that private plaintiffs could proceed with a monopolization case after the government obtained an injunction if they showed that the government's injunction was "not long enough to ensure that they will not suffer harm." *Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 250 (3d Cir. 2010). However, the *Dentsply* court emphasized that "nothing in *Borden* intimates that a private litigant is relieved of its evidentiary burden of showing an entitlement to injunctive relief when the government has already obtained its own injunction," reiterating that "a plaintiff bears the obligation of presenting evidence demonstrating injury even where another injunction is already in place." *Id.* at 249-250. Ultimately,

---

[3] Plaintiffs' further argument that they are "not bound by" the government litigations, MSJ Reply at 7 (quoting *Sam Fox,* 366 U.S. at 689), undermines their attempts to rely on the findings in those litigations as if they were binding here. Plaintiffs cannot have it both ways.

the court rejected plaintiffs' claim because they failed to meet that obligation. *Id.* Neither *Sam Fox* nor *Dentsply* supports the proposition that a private plaintiff can pursue an *identical* remedy already granted in a parallel government lawsuit where the plaintiff identifies no injury not addressed by the remedy in the government suit.

**Second**, Plaintiffs argue that they will still suffer harm even though the merger has been abandoned and enjoined. But Plaintiffs make no effort to show what harm they could possibly suffer now that the merger is off the table. Plaintiffs must show the threat of "concrete and particularized" harm at every stage of the litigation. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). With the abandonment and injunction of the merger, none of the myriad harms allegedly flowing from that merger can possibly occur. *See United States v. Mercy Health Servs.*, 107 F.3d 632, 636 (8th Cir. 1997) (dismissing appeal as moot after defendants abandoned their proposed merger).

**Third**, Plaintiffs attempt to distinguish *Mercy Health* and *Heinz* by arguing that those cases did not involve parallel government and private actions. MSJ Reply at 9-10. Plaintiffs' red-herring argument misses the point of these cases: when a merger is conclusively abandoned, any challenge to it, whether by a governmental or private entity, is moot and must be dismissed.

If anything, Plaintiffs' attempt to distinguish these cases demonstrates their applicability here. For instance, Plaintiffs concede that the *Heinz* court dismissed the government's request for an injunction as moot because the parties had withdrawn from the FTC process and "there were no existing merger plans at play." MSJ Reply at 9. Plaintiffs further note that in both *Heinz* and *Mercy Health*, the court found that if the merging parties sought to merge again in the future, they would have to go back through the FTC's premerger clearance process. *Id.* at 10. That is the exact scenario at play here, and it compels a finding that this case is moot.

## II.    REGARDLESS OF MOOTNESS, THIS COURT SHOULD DISMISS THE SAC

Even if this case were not moot, Plaintiffs lack standing and the SAC fails to plausibly state a claim. Mot. 7-10. The Court should dismiss the SAC on either or both of these independent grounds.

### A.    Plaintiffs Lack Standing

Plaintiffs' harm allegations do not satisfy their burden to plausibly allege standing. Plaintiffs continue to wrongly conflate the availability of a private cause of action under the Clayton Act with

Plaintiffs' burden of establishing Article III standing, insisting that they need not demonstrate "injury in fact." Opp. 4-5. Plaintiffs are wrong. Even if they theoretically could bring a Clayton Act claim, Plaintiffs must first plead an injury in fact to establish Article III standing. *See Spokeo*, 578 U.S. at 341; Mot. 7-8. Plaintiffs thus refuse to confront the reality that "an injury in law is not an injury in fact," *see TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021), meaning a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo*, 578 U.S. at 341. While the Clayton Act allows private suits to prevent future harm, that harm still must be "concrete," "actual or imminent," and "particularized" to Plaintiffs' specific circumstances to satisfy basic Constitutional requirements. *Id.* at 339.

Plaintiffs fail to plausibly allege concrete, actual or imminent, and particularized harm. Plaintiffs' standing arguments boil down to two points: (1) many Plaintiffs shop at Kroger and/or Albertsons stores, Opp. 6-8; and (2) the abandoned merger agreement is still "impending," thus the injury to Plaintiffs is still imminent, Opp. 4; *see also* Opp. 8-10 (listing alleged, generic harms "if the merger is consummated"). Neither argument rebuts Defendants' Motion. Plaintiffs recognize that the merger agreement has been terminated. MSJ Reply at 6. Without a pending merger, there is no potential harm to Plaintiffs, much less the "actual or imminent" harm necessary to establish standing. *Spokeo*, 578 U.S. at 339. The Court does not need to grant Plaintiffs' requested injunction to stop the merger in its "incipiency," Opp. 5; the merger is already dead.

In response to Defendants' critique that Plaintiffs failed to allege specific facts to support their standing, Mot. 9, Plaintiffs' Opposition recites some of the individualized facts in the SAC listing stores at which specific Plaintiffs shop. Opp. 6-8. But Plaintiffs still fail to offer a cogent theory explaining how Plaintiffs living in areas where Defendants do not overlap could possibly suffer harm or to allege facts showing likely harm to the few Plaintiffs that do live in overlap areas. Mot. 8-9; Defs.' Reply ISO Mot. to Dismiss SAC ("1st SAC MTD Reply") at 4-7, ECF No. 130. Plaintiffs also try to address Defendants' argument that the SAC merely alleges that each Plaintiff "may" continue to shop at Kroger or Albertsons stores in the future, Mot. 9, by stating now, for the first time, that individual Plaintiffs "intend to" shop at these stores going forward. Opp. 7. But the "profession of an

inten[t]" to purchase a product "'is simply not enough' to satisfy Article III." Mot. 9 (quoting *Lanovaz v. Twinings N. Am., Inc.*, 726 F. App'x 590, 591 (9th Cir. 2018)). As explained in prior briefing, Mot. 8-9; 1st SAC MTD Reply at 3-7, these paltry allegations fail to allege harm that is concrete, actual or imminent, and particularized to Plaintiffs. *Spokeo*, 578 U.S. at 339.

### B.    Plaintiffs Fail to State a Claim

As explained in Defendants' original SAC Motion to Dismiss briefing, ECF Nos. 123, 130, and Opposition to Plaintiffs' Motion for Summary Judgment ("MSJ Opp."), ECF No. 148 at 8-9, Plaintiffs also fail to plausibly state the elements of an antitrust claim. Notably, as to market definition, Plaintiffs continue to rely on their national geographic market and gestures at "smaller local relevant geographic markets [that] exist with individual states," including vague, undefined "neighborhoods or city submarkets." Opp. 5. Plaintiffs still offer zero support for a national market or any of these purported submarkets. Defs.' Mot. to Dismiss SAC at 11-12, ECF No. 123; MSJ Opp. 8-9.

Plaintiffs' primary new "support" for their geographic markets is that the parallel Washington case, the state court found that certain "city areas" in Washington were relevant geographic markets. Opp. 5.[4] But those city areas do not align with any of the geographic markets alleged in this case. *See* MSJ Opp. 9. And the findings as to those city areas say nothing about alleged geographic markets related to the 21 Plaintiffs with no ties to Washington. Plaintiffs' final passing suggestion that future expert analysis will "fully refine" the relevant markets is farcical. Plaintiffs have had two years to engage experts to analyze and refine their relevant markets, but they have proven time and again that they are unwilling to "roll up their sleeves" and "do the work" to do that. *See* Hr'g Tr. at 17:1-5 (July 27, 2023). As explained in prior briefing, MSJ Opp. 9, Plaintiffs' failure to define a relevant market dooms their claim and requires dismissal.

---

[4] Plaintiffs also wrongly suggest that *California v. American Stores Co.*, 697 F. Supp. 1125 (C.D. Cal. 1998), supports their CBSA geographic markets. Opp. 11, 15. In that case, defendants offered MSAs as relevant geographic markets, while the state plaintiff alleged narrower markets within MSAs. *Id.* at 1129-1130. Like Defendants here, the state plaintiff argued that MSAs are "too large to represent a relevant geographic market." *Id.* at 1129. The district court found that the choice of relevant geographic was not dispositive to its analysis, so it assumed without deciding that defendants' preferred markets were the relevant geographic market. *Id.* at 1130.

Finally, Plaintiffs' frivolous arguments related to Albertsons' suit against Kroger and the $4 billion special dividend Albertsons paid two years ago provide no support for their purported claim. Opp. 1. The insinuation that Albertsons' suit against Kroger supports a Section 2 claim is not only baseless but totally irrelevant to this case; Plaintiffs have not alleged a Section 2 claim in any of their complaints. Similarly, the Court summarily rejected Plaintiffs' special dividend arguments in dismissing Plaintiffs' first two complaints, the second time dismissing Plaintiffs' claim against Cerberus with prejudice. 1st MTD Order; 2d MTD Order at 3-4. Multiple courts rejected Plaintiffs' argument that Kroger "required" Albertsons to pay its $4 billion special dividend, Opp. 1, or that there was anything anticompetitive about Albertsons' unilateral payment of that dividend. *See* Kroger Mot. to Dismiss at 14, ECF No. 40 (describing cases). Tellingly, Plaintiffs' suggestion that Albertsons' suit against Kroger raises Section 2 concerns and the reprise of its debunked special dividend arguments were raised only in the introduction of the Opposition, nowhere in its argument. Plaintiffs' unfounded arguments are an irrelevant sideshow; they do not support their purported claim.

### III. PLAINTIFFS HAVE NOT SUBSTANTIALLY PREVAILED AND ARE NOT ENTITLED TO FEES OR COSTS

Plaintiffs' passing claim (unaccompanied by a supporting motion) that they are entitled to attorneys' fees and costs, Opp. 1, 15, is meritless because they have not "substantially prevail[ed]" in this litigation. 15 U.S.C. § 26. An award of attorney's fees is permitted only where "[a]n enforceable judgment on the merits" creates a "material alteration of the legal relationship of the parties." *O'Bannon v. Nat'l Collegiate Athletic Ass'n*, 739 F. App'x 890, 892-93 (9th Cir. 2018). The plaintiff must "succeed on [a] significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Id.* at 892. A plaintiff who "has not yet prevailed on any claim" cannot be a prevailing party. *Senn v. Smith*, 35 F.4th 1223, 1224 (9th Cir. 2022).

Here, Plaintiffs have lost, not prevailed, on virtually every contested motion: the Court dismissed Plaintiffs' original and amended complaints for lack of standing, denied their frivolous and premature motion for a preliminary injunction, and repeatedly rejected their requests for additional discovery. *See* Mot. 2-3. The mere fact that Defendants terminated their merger does not *in se* make

Plaintiffs a "prevailing party" and entitle them to attorneys' fees. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Servs.*, 532 U.S. 598, 605 (2001).

Plaintiffs' request for "attorneys' fees cannot resuscitate an otherwise-moot case." *Coastal Env't Rts. Found.,* 115 F.4th at 1229. A dispute over *Plaintiffs' attorneys'* inability to recover fees is not a "case or controversy" (or an alleged injury) relevant to the individual *Plaintiffs*' interests, which are protected by the injunctions already granted against the merger. *See id.* (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 108 (1998)) ("[a]n interest in attorney's fees is . . . insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim"). Plaintiffs' suggestion that their case ends only when attorneys' fees have been awarded is wrong. Opp. 3. This case must end because there is no case or controversy to adjudicate.

## CONCLUSION

For the foregoing reasons, the SAC should be dismissed in its entirety and with prejudice.

Dated: January 14, 2025　　　　　　By:　　*/s/ Daniel B. Asimow*

　　　　　　　　　　　　　　　　　　DANIEL B. ASIMOW
　　　　　　　　　　　　　　　　　　**ARNOLD & PORTER KAYE SCHOLER LLP**
　　　　　　　　　　　　　　　　　　Three Embarcadero Center, 10th Floor
　　　　　　　　　　　　　　　　　　San Francisco, CA 94111
　　　　　　　　　　　　　　　　　　Telephone: (415) 471-3100
　　　　　　　　　　　　　　　　　　Fax: (415) 471-3400
　　　　　　　　　　　　　　　　　　Daniel.Asimow@arnoldporter.com

　　　　　　　　　　　　　　　　　　SONIA K. PFAFFENROTH (SBN 223984)
　　　　　　　　　　　　　　　　　　MATTHEW WOLF (*pro hac vice*)
　　　　　　　　　　　　　　　　　　MICHAEL BERNSTEIN (*pro hac vice*)
　　　　　　　　　　　　　　　　　　KOLYA D. GLICK (*pro hac vice*)
　　　　　　　　　　　　　　　　　　**ARNOLD & PORTER KAYE SCHOLER LLP**
　　　　　　　　　　　　　　　　　　601 Massachusetts Ave., N.W.
　　　　　　　　　　　　　　　　　　Washington, DC 20001
　　　　　　　　　　　　　　　　　　Telephone: (202) 942-5000
　　　　　　　　　　　　　　　　　　Fax: (202) 942-5999
　　　　　　　　　　　　　　　　　　Sonia.Pfaffenroth@arnoldporter.com
　　　　　　　　　　　　　　　　　　Matthew.Wolf@arnoldporter.com
　　　　　　　　　　　　　　　　　　Michael.Bernstein@arnoldporter.com
　　　　　　　　　　　　　　　　　　Kolya.Glick@arnoldporter.com

　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　THE KROGER CO.

*/s/ Edward D. Hassi*
EDWARD D. HASSI (*pro hac vice*)

JOHN (JAY) NEUKOM (SBN 275887)
**DEBEVOISE & PLIMPTON LLP**
650 California Street
San Francisco, CA 94108
Telephone: (415) 738-5700
jneukom@debevoise.com

EDWARD D. HASSI (*pro hac vice*)
LEAH S. MARTIN (*pro hac vice*)
**DEBEVOISE & PLIMPTON LLP**
801 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 383-8000
thassi@debevoise.com
lmartin@debevoise.com

SHANNON R. SELDEN (*pro hac vice*)
J. ROBERT ABRAHAM (*pro hac vice*)
**DEBEVOISE & PLIMPTON LLP**
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000
srselden@debevoise.com
jrabraham@debevoise.com

*Attorneys for Defendant*
ALBERTSONS COMPANIES, INC.

REPLY ISO DEFENDANTS' RENEWED MTD THE SECOND AMENDED COMPLAINT        Case No. 3:23-cv-00459-VC

## SIGNATURE ATTESTATION

I, Daniel B. Asimow, am the ECF user whose user ID and password are being utilized to electronically file this DEFENDANTS THE KROGER CO. AND ALBERTSONS COMPANIES, INC. REPLY IN SUPPORT OF RENEWED MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT. Pursuant to Local Rule 5-1(i)(3), I hereby attest that the other signatories have concurred in this filing.

Dated: January 14, 2025

/s/ *Daniel B. Asimow*
Daniel B. Asimow
