UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE WHALEN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ALBERTSONS COMPANIES INC., et al.,<br><br>    Defendants. | Case No. 23-cv-00459-VC<br><br>**ORDER DENYING THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING THE DEFENDANTS' MOTION TO DISMISS AS MOOT** |

The plaintiffs filed a lawsuit alleging that a merger attempt by Albertsons and Kroger would violate the antitrust laws. The Court dismissed the initial version of the complaint because the plaintiffs failed to allege Article III standing. The next version of the complaint again failed to allege standing, so the Court dismissed that version as well. After the third version of the complaint was filed, the defendants filed another motion to dismiss.

Before issuing a ruling on the motion to dismiss the third version of the complaint, the Court stayed the case. The reason for the stay was that at least two separate lawsuits seeking to block the merger were filed by government entities in different courts. The first was brought in federal court in Oregon by the Federal Trade Commission, the Oregon Attorney General, and others. The second was brought in state court in Washington by that state's attorney general.

In both cases, the government entities succeeded—the courts entered injunctions blocking the merger. And in response, Albertsons and Kroger gave up. They have dropped their effort to merge.

Now, the plaintiffs in this case have filed a motion for summary judgment, asking this Court to permanently enjoin the merger that Albertsons and Kroger are no longer pursuing. The

plaintiffs further suggest that because injunctions were entered in those other cases and because the proposed merger is dead, they are entitled to attorneys' fees in this case as the prevailing parties in the litigation.

At this point, the reader may be asking, "is this some sort of joke?" It is not. The plaintiffs are actually making these arguments.

The plaintiffs' motion for summary judgment is denied. The defendants' motion to dismiss the case as moot is granted. Dismissal is without leave to amend.

**IT IS SO ORDERED.**

Dated: February 3, 2025

_____
VINCE CHHABRIA
United States District Judge